**HAMILTON, MILLER, HUDSON & FAYNE TRAVEL CORPORATION, a Michigan corporation, Plaintiff,**

v.

**Fukashi HORI, Special Administrator of the Estate of Bryon J. Hori, Deceased, and James N. Karahalios, Jointly and Severally, Defendants.**

Civ. A. No. 81–71229.

United States District Court, E. D. Michigan, S. D.

July 20, 1981.

Joel H. Serlin, Southfield, Mich., for plaintiff.

James W. Bodary, Detroit, Mich., for defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO CHANGE VENUE

JULIAN ABELE COOK, Jr., District Judge.

Plaintiff, Hamilton, Miller, Hudson & Fayne Corporation (Hamilton) commenced the above-entitled action on October 7, 1980 in the Wayne County (Michigan) Circuit Court, alleging that Defendants, Fukashi Hori and James N. Karahalios, maliciously filed a wrongful death action in an Illinois State Court. On April 20, 1981, the Defendants, after removing the cause to this Court, filed a Motion to Dismiss for Lack of Jurisdiction. On April 27, 1981, the Court scheduled a Hearing on Defendants' Motion to Dismiss for Friday, June 5, 1981 at 8:30 a. m. When Defendants did not appear for the Hearing, the Motion was denied without prejudice, with costs being reserved for a future adjudication.

On June 23, 1981, Defendants filed a "Motion to Dismiss for Lack of Jurisdiction and Motion for Change of Venue," and requested oral argument. The request for oral argument is controlled by Local Court Rule 17(j) which, in pertinent part, provides:

> Oral hearings on motions for rehearing or reconsideration, ... shall not be held unless ordered by the assigned Judge.

> Oral hearings on all other motions shall be permitted unless the Judge at any time prior to the hearing orders their submission and determination without oral hearing on the briefs filed as required by this Rule.

Without determining whether the renewed Motion to Dismiss is properly treated as a Motion for Reconsideration, the Court, having reviewed the subject matter involved herein, determines that the issues in controversy shall be decided on the basis of the briefs which have been filed to date. *See* Local Court Rule 17(j).

The litigating history between the parties began on March 6, 1980 when Hori brought a wrongful death action against fourteen (14) Defendants in a Florida state court as the result of a drowning death of Hori's decedent who had been on a Sun Tours, Inc. vacation. Hamilton (Plaintiff in this action and one of the named Defendants in the Florida action), having registered the name "Sun Tours, Inc." approximately twenty-one (21) months after the drowning, argued that it was not connected with the tour operator at the time of the incident. Plaintiff contends that Defendant Karahalios was immediately informed of the name confusion but he refused to voluntarily dismiss Hamilton from the lawsuit. However, on July 1, 1980, the Florida court dismissed Hamilton for lack of jurisdiction. Thereafter, Hori, through Karahalios, filed a Complaint in the Cook County (Illinois) Circuit Court, alleging, *inter alia*, that Hamilton conducted business in Illinois under the name "Sun Tours, Inc." The Michigan action was commenced to recover damages that were allegedly suffered by Hamilton in defending itself in Florida and Illinois.

The issue in Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is

whether Defendants have sufficient contacts with the forum state so that the instant suit does not offend traditional notions of fair play and substantial justice. It is uncontroverted that Defendants' sole contact with the forum was the utilization of services of the Oakland County (Michigan) Sheriff for the purpose of serving Hamilton with the Illinois lawsuit pleadings. Defendants argue that they are Illinois residents who neither conduct business nor own property in Michigan. As such, they contend this Court is without jurisdiction to entertain the claims of Plaintiff. Plaintiff, in reply, cites *Mich.Comp.Laws* § 600.705(2) which provides that personal jurisdiction may be predicated on "the doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort," and contends that the service of the Illinois lawsuit in Michigan constitutes the requisite tortious act. In order to determine whether jurisdiction has been properly exercised, the Court must ask whether Defendants purposefully availed themselves of Michigan privileges when they have utilized a Michigan Sheriff to serve process. *See Mich.Comp.Laws* § 600.2907.

Although a Federal Court, sitting in diversity, must look to the long-arm statute of the forum state, *Poyner v. Erma Werke GMBH*, 618 F.2d 1186 (6th Cir. 1980), the test for exercising personal jurisdiction is the same in the State of Michigan as it is in the federal courts of the Sixth Circuit. *Werner Lehara International v. Harris Trust & Sav. Bank*, 484 F.Supp. 65 (W.D. Mich.1980), citing *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968); *compare, Khalaf v. Bankers & Shippers Ins. Co.*, 404 Mich. 134, 273 N.W.2d 811 (1978); *Woodward v. Keenan*, 79 Mich.App. 543, 261 N.W.2d 80, *aff'd on remand*, 88 Mich.App. 791, 279 N.W.2d 317 (1979).

██ The test, simply stated, is that Defendants must have minimum contacts with the forum so that the suit does not offend traditional notions of fair play and substantial justice. The test was first enunciated in *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and most recently explained in *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). To meet the fair play and substantial justice standard, it is essential that the Defendants have purposely availed themselves of the privilege of conducting business in the forum or are otherwise connected with the forum so that "he [they] should reasonably anticipate being haled into court there." *World-Wide Volkswagen, supra* at 297, 100 S.Ct. at 567; *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The *World-Wide Volkswagen* Court refused to hold that "forseeability" in the absence of other contacts is sufficient to establish long-arm jurisdiction. In *World-Wide*, the foreign Defendant-manufacturer distributed a car in New York which allegedly injured a vacationing motorist in Oklahoma. The Court found no "constitutionally cognizable contact" with Oklahoma.

Although a single contact is often insufficient upon which to base jurisdiction, Justice Goldberg, in *Rosenblatt v. American Cyanamid Co.*, 86 S.Ct. 1, 15 L.Ed.2d 39 (1965) (denial of stay pending appeal); 382 U.S. 110, 86 S.Ct. 256, 15 L.Ed.2d 192 (1965) (appeal dismissed per curiam for lack of jurisdiction), *reh. denied*, 382 U.S. 1002, 86 S.Ct. 533, 15 L.Ed.2d 491 (1966), noted that the rationale of *International Shoe* supports *in personam* jurisdiction which is based upon commission of a single tortious act. Distinguishing typical products liability or negligence cases from the facts at bar, Justice Goldberg wrote:

> It seems to me that this is a very strong case for the assertion of "long arm" jurisdiction. If it is fair in a due process sense to subject a transient motorist to in personam jurisdiction on the basis of a single negligent tort, surely it is equally fair to hold a person ... who it is alleged, intentionally entered a State for the purpose of committing a tort therein, personally responsible in the courts of that State. The few cases which have questioned the application of "long arm" statutes in particular situations have differed from this

one in two important respects: the foreign defendant was never physically present in the forum state, and the tortious act there was intentional.

86 S.Ct. at 4. [citations omitted]

The Court agrees with Plaintiff that Defendants, through their agent (a Michigan County Sheriff), were physically present in Michigan and the alleged tort, if proven, is intentional rather than merely negligent. *See Hadad v. Lewis*, 382 F.Supp. 1365, 1370 (E.D.Mich.1974) (Keith, J.). This reasoning distinguishes *Sifers v. Horen*, 385 Mich. 195, 188 N.W.2d 623 (1971), cited by Defendants. In *Sifers*, an attorney came to Michigan twice to conduct legal seminars where he acquired a personal injury case. As a result of accepting that case, he was sued for malpractice. The alleged malpractice occurred in Kentucky when counsel failed to perfect his Michigan client's appeal. The Michigan Supreme Court refused to assert personal jurisdiction over the attorney. As explained in *Woodward v. Keenan*, 79 Mich. App. 543, 548, 261 N.W.2d 80 (1977): "Michigan has a significant interest in assuring to its residents the availability of desirable or necessary services rendered by foreign professionals." To assert jurisdiction on the basis of a fortuitous presence in the state would violate the principle of fundamental fairness. Further, it may have a chilling effect on foreign professionals' willingness to visit the state to lecture or otherwise offer their services to Michigan residents.

The facts in the instant case are distinguishable. Defendants did not enter the state unintentionally or for the purposes which were unrelated to the alleged tort. First, they purposely availed themselves of the privilege of serving process in Michigan. Second, through their appointed agent process server, they were physically present within the state. This is not a case, as Defendants contend, where the Court must determine whether the mere use of the United States mails to serve pleadings supports jurisdiction. Therefore, since it is alleged that the service of process in a maliciously instituted lawsuit was the tortious act, Defendants are properly within the jurisdiction of this Court.

THEREFORE, IT IS ORDERED that Defendants' Motion to Dismiss shall be, and is, denied.

IT IS FURTHER ORDERED that Defendants' Alternative Motion for Change of Venue, pursuant to 28 U.S.C. § 1404, shall be, and is, denied, for the reason that the Court is not persuaded that the interests of justice would be served by a transfer to the Federal Courts of Illinois. *See Simmons Ford, Inc. v. Consumers Union of U. S., Inc.*, 490 F.Supp. 106 (W.D.Mich.1980).