Argued and submitted June 25, affirmed November 21, 1984

RON TONKIN GRAN TURISMO,
*Respondent,*

*v.*

CARRUTH,
*Appellant.*

(8209-05970; CA A30130)

691 P2d 127

John M. Volkman, Portland, argued the cause and filed the brief for appellant.

Sean Donahue, Portland, argued the cause for respondent. With him on the brief were Black, Tremaine, Higgins, Lankton & Krieger, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Defendant Carruth appeals from a judgment in favor of plaintiff entered on plaintiff's motion for summary judgment.[1] The sole assignment of error is the trial court's denial of defendant's motion to dismiss for lack of personal jurisdiction. We affirm.

This action began with a complaint claiming fraud filed by plaintiff, an Oregon corporation, against Carruth, a Louisiana resident, and Convoy Company, an Oregon corporation. The complaint alleges that Carruth sells exotic automobiles and that plaintiff contacted him in response to advertisements for the sale of two Ferrari automobiles appearing in the *Los Angeles Times,* a newspaper of national circulation, and in *Autoweek,* a magazine used by automotive dealers to solicit offers nationwide. It further alleges that Carruth agreed to sell and plaintiff agreed to purchase for $55,000 a Ferrari automobile, that Carruth represented that the Ferrari was new and in good condition, that plaintiff wired the purchase price to Carruth in Louisiana, that plaintiff contracted with Convoy Company, a common carrier, to transport the Ferrari, that the Ferrari delivered to plaintiff was not new but was damaged and had significant mileage, that Carruth at the time of the sale knew that the Ferrari was not as represented and that plaintiff demanded rescission of the agreement and that Carruth refused to comply.

Carruth moved to dismiss the complaint on the ground that the trial court lacked personal jurisdiction over him. ORCP 21A(2). His accompanying affidavit states, in relevant part, that he is not engaged regularly in the business of selling exotic automobiles, but he maintains a dealer's license and deals in automobiles as a hobby. It further states that he received the offer for purchase from plaintiff at a personal residence maintained by him in Houston, Texas, that the Ferrari was delivered to his agents in California, the point where he received it from abroad, that he has no property, offices, businesses or employes in Oregon and that he personally has never been to the state of Oregon. Plaintiff's response to the motion included an affidavit by its president, Ronald Tonkin. That affidavit states, *inter alia,* that at the time of

---

[1] Convoy Company is not a party to this appeal.

negotiations for the purchase of the Ferrari, Tonkin advised Carruth that plaintiff intended to sell the vehicle from its Portland place of business and that Carruth agreed to and did ship the documents of title for the Ferrari to plaintiff in Portland.

Oregon's statutory provisions for personal jurisdiction are found in ORCP 4. Subsections B through K enumerate specific bases for exercising "long-arm" jurisdiction over an out-of-state defendant. Subsection L is a catchall provision "extending Oregon jurisdiction to the outer limits of due process under the Fourteenth Amendment of the United States Constitution." *State ex rel Hydraulic Servocontrols v. Dale,* 294 Or 381, 384, 657 P2d 211 (1982). It provides for jurisdiction

"[n]otwithstanding a failure to satisfy the requirement of sections B. through K. of this rule, in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States."

■ In resolving a question of jurisdiction, we first consider whether any of the specific provisions of subsections B through K apply. *State ex rel Michelin v. Wells,* 294 Or 296, 299, 657 P2d 207 (1982). Only in the absence of a specific provision do we examine general due process considerations under subsection L. *State ex rel Hydraulic Servocontrols v. Dale, supra,* 294 Or at 385; *see also State ex rel Jones v. Crookham,* 296 Or 735, 738, 681 P2d 103 (1984); *but cf. State ex rel Sweere v. Crookham,* 289 Or 3, 11-12, 609 P2d 361 (1980) (ORCP 4E(1) cannot be constitutionally applied where a defendant's only contact with Oregon was execution of guarantee). *State ex rel Hydraulic Servocontrols v. Dale, supra,* 294 Or at 384-85, explains the rationale underlying that analysis:

"Subsections B through K of Rule 4 may appear to be redundant in view of the subsection L catchall provision, but they are not superfluous. Based as they are on facts which the United States Supreme Court has held to be adequate bases for jurisdiction, these more specific provisions serve to narrow the inquiry so that if a case falls within one of them, there is no need to litigate more involved issues of due process. Once a plaintiff alleges facts bringing his or her case within a specific provision, that ordinarily will be the end of the matter. On the

other hand, if resort to ORCP 4L is necessary, then the limits of due process must be explored." (Footnote omitted.)

Defendant contends that the specific provisions of ORCP 4 are inapplicable to this action and, further, that he neither "purposefully avail[ed] [himself] of the privilege of conducting activities" in Oregon nor were there sufficient "minimum contacts" between him and Oregon to satisfy a constitutional inquiry under ORCP 4L. *See World Wide Volkswagen Corp v. Woodson,* 444 US 297, 100 S Ct 559, 62 L Ed 2d 490 (1980); *Hanson v. Denckla,* 357 US 235, 78 S Ct 1228, 2 L Ed 2d 1283 (1958); *International Shoe v. Washington,* 326 US 310, 66 S Ct 154, 90 L Ed 2d 95 (1945); *see also State ex rel Michelin v. Wells, supra,* 294 Or at 300-03. Plaintiff, on the other hand, argues that the criteria of ORCP 4D(1), 4D(2), 4E(3), 4E(4) and 4E(5) have all been met and, in any event, that the constitutional standards of due process would not be violated by the exercise of jurisdiction over defendant.

The statutory provisions relied on by plaintiff read:

"A court of this state having jurisdiction of the subject matter has jurisdiction over a party served in an action pursuant to Rule 7 under any of the following circumstances:

"* * * * *

"In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, providing in addition that at the time of the injury, either:

"D.(1)   Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

"D.(2)   Products, materials, or things distributed, processed, serviced, or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

"In any action or proceeding which:

"* * * * *

"E.(3)   Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this state or to send from this state goods, documents of title, or other things of value or to guarantee payment for such goods, documents, or things; or

"E.(4)   Relates to goods, documents of title, or other

things of value sent from this state by the plaintiff to the defendant on the defendant's order or direction or sent to a third person when payment for such goods, documents, or things was guaranteed by defendant; or

"E.(5) Relates to goods, documents of title, or other things of value actually received by the plaintiff in this state from the defendant without regard to where delivery to carrier occurred."

■ We conclude that, under the established facts, this case falls squarely within the purview of ORCP 4E(5) and that application of the subsection provides the affiliating circumstances that are a necessary predicate to jurisdiction over an out-of-state defendant; it is therefore unnecessary for us to explore further the limits of due process. *State ex rel Hydraulic Servocontrols v. Dale, supra.* This action unquestionably "relates to goods," a Ferrari automobile, that were "actually received by the plaintiff in this state from the defendant." Plaintiff's pleading alleges that it hired Convoy Company, a common carrier, to transport the Ferrari interstate and that it was transported to Portland and received by plaintiff there. Defendant's affidavit acknowledges that the Ferrari was delivered to plaintiff's agent in California. ORCP 4E(5) specifically addresses such a situation and provides for personal jurisdiction when goods are actually received in the state "without regard to where delivery to carrier occurred." Under these facts, ORCP 4E(5) was constitutionally applied, and the trial court properly exercised jurisdiction over defendant.[2]

Affirmed.

---

[2] Because we find ORCP 4E(5) applicable, we need not decide whether jurisdiction was established under any other specific provision cited by plaintiff.