On appellant's reconsideration filed November 13, 1986, reconsideration allowed, former opinion (81 Or App 668, 725 P2d 1300) withdrawn, reversed and remanded January 28, 1987

REGAL MANUFACTURING CO.,
assumed business name of
Arcorp, Inc.,
*Appellant,*

*v.*

LOUISIANA GLASS, INC.,
*Respondent.*

(A8412-07315; CA A37504)

731 P2d 1066

Richard S. Pope and Newcomb, Sabin, Schwartz & Landsverk, Portland, for the petition.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiff petitions for reconsideration of our decision in which we affirmed without opinion the dismissal of the action for lack of personal jurisdiction over defendant. *Regal Manufacturing Co. v. Louisiana Glass, Inc.,* 81 Or App 668, 725 P2d 1300 (1986). We allow the petition, ORAP 10.10, and reverse.

We summarize the facts from the allegations in the complaint and the affidavits. Plaintiff is an Oregon corporation located in Multnomah County and is a supplier of custom skylight frame systems, specifications and components to glazing contractors. Defendant, a Louisiana corporation, is a glazing contractor. Defendant learned about plaintiff through an independent manufacturer's representative, who represented plaintiff as well as other manufacturers of products used in the glazing industry. The representative regularly called on defendant to discuss the products that he handled. On one of those visits he told defendant about plaintiff's products and left plaintiff's brochure. Sometime later, defendant expressed an interest in skylight frames, and the representative suggested that defendant call plaintiff. Defendant contacted plaintiff by telephone and then mailed plaintiff some skylight drawings and requested a quotation. Plaintiff prepared the quotation and mailed it to defendant. Defendant then called plaintiff and asked it to prepare detailed shop drawings. Plaintiff prepared the drawings and sent them to defendant. Defendant called plaintiff and requested detailed structural engineering calculations which plaintiff otherwise had not planned to prepare. Plaintiff complied and sent the calculations to defendant. Defendant then mailed plaintiff a revised set of the engineering calculations, as well as copies of revised shop drawings and a written request, stating, "Please enter for production immediately and with a delivery date." On the basis of that order, plaintiff ordered approximately $12,500 worth of customized aluminum extrusions for use in the skylight system. Defendant cancelled the order before delivery. Plaintiff could not cancel its order for the aluminum extrusions.

Plaintiff's action is for breach of contract, claiming

damages for lost profits and the cost of the aluminum extrusions as incidental damages. On defendant's motion, the action was dismissed for lack of personal jurisdiction.

The Supreme Court has stated that there are two questions presented when applying jurisdictional statutes to nonresidents: (1) Does the case fall within the terms of a jurisdictional statute? and (2) Does due process permit an Oregon court, as a matter of constitutional law, to obtain and exercise personal jurisdiction over the defendant in such a case? *State ex rel Hydraulic Servocontrols v. Dale*, 294 Or 381, 384, 657 P2d 211 (1982).

Plaintiff argues that ORCP 4E(1), (2), (4) and 4L give the trial court jurisdiction over defendant. Each of the pertinent subsections of ORCP 4E is based on narrow and specific facts. They provide for jurisdiction in any action or proceeding which:

"(1)   Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this state, to pay for services to be performed in this state by the plaintiff, or to guarantee payment for such services; or

"(2)   Arises out of services actually performed for the plaintiff by the defendant within this state or services actually performed for the defendant by the plaintiff within this state, if such performance within this state was authorized or ratified by the defendant or payment for such services was guaranteed by the defendant; or

"* * * * *

"(4)   Relates to goods, documents of title, or other things of value sent from this state by the plaintiff to the defendant on the defendant's order or direction or sent to a third person when payment for such goods, documents, or things was guaranteed by defendant * * *."

In *State ex rel Hydraulic Servocontrols v. Dale, supra,* 294 Or at 384, the court distinguished subsections B through K of ORCP 4 from subsection L, the latter being the catchall provision extending Oregon jurisdiction to the outer limits of due process under the Fourteenth Amendment.

"Subsections B. through K. of Rule 4 may appear to be redundant in view of the subsection L. catchall provision, but they are not superfluous. *Based as they are on facts which the*

*United States Supreme Court has held to be adequate bases for jurisdiction, these more specific provisions serve to narrow the inquiry so that if a case falls within one of them, there is no need to litigate more involved issues of due process.* * * * *Once a plaintiff alleges facts bringing his or her case within a specific provision, that ordinarily will be the end of the matter.* On the other hand, if resort to ORCP 4 L. is necessary, then the limits of due process must be explored." (Footnote omitted; emphasis supplied.)

*Hydraulic Servocontrols* does not directly cite United States Supreme Court cases to support that portion of the quotation that we have emphasized. However, it is implicit in that statement that subsections B through K of ORCP 4 are based on factual circumstances which give rise to sufficient "minimum contacts" to satisfy the due process requirements of the Fourteenth Amendment. *See International Shoe Co. v. Washington,* 326 US 310, 316, 66 S Ct 154, 90 L Ed 95 (1945).

■       We note that the contract between the parties involves "goods" (the skylight frame system) and "services" (the design and manufacture of the system). To the extent that the action involves the performance of services, the complaint and the affidavits contain allegations and assertions of fact sufficient to confer jurisdiction over defendant under ORCP 4E(1) and (2). Those subsections, however, do not apply to goods. Subsection (4) is likewise inapplicable, because it requires that the goods be sent. Defendant canceled the order before that event occurred. We turn[1] to the catchall provision, ORCP 4L, which provides jurisdiction

"Notwithstanding a failure to satisfy the requirement of sections B. through K. of this rule, in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States."

*State ex rel White Lbr. v. Sulmonetti,* 252 Or 121, 127, 448 P2d 571 (1968), sets out the requirements for the constitutional exercise of jurisdiction in a case involving a single transaction:

---

[1] An argument can be made that, once the trial court acquires personal jurisdiction under ORCP 4E over some portion of the action for which damages are sought, the court acquires jurisdiction over all of the action and there is no need for further analysis. That does not, however, appear to be the theory on which plaintiff relies and we have not considered it.

"First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Southern Machine Co. v. Mohasco,* 401 F2d 374 (6th Cir 1968)."

In that case, a telephone order of plywood from an Oregon company by a Florida corporation was found to have produced substantial economic consequences in Oregon where the plywood was specially manufactured to fill the order. The present case involves special manufacturing, and we find that the first inquiry is met. *See also State ex rel Academy Press v. Beckett,* 282 Or 701, 581 P2d 496 (1978).

The second inquiry is also affirmatively answered, because the cause of action arises out of economic consequences in Oregon (the design and preparation for custom manufacturing) which resulted from defendant's communications[2] and subsequent contract with plaintiff. The third inquiry is likewise satisfied, because the consequences of defendant's activities occurred in Oregon, which included the initial expression of interest, and the purchase order for the manufacture of the skylight system.

■       We reject defendant's reliance on *Neptune Microfloc v. First Fla. Util.,* 261 Or 494, 495 P2d 263 (1972). First, the decision in that case was based on *former* ORS 14.035. Since *Neptune* was decided, the Supreme Court has held that *former* ORS 14.035 was intended to reach the allowable limits of due process. *State ex rel Academy Press v. Beckett, supra.* ORCP 4L is a codification of that holding. *State ex rel Hydraulic Servocontrols v. Dale, supra,* 294 Or at 384 n 2. Second, *Neptune* did not involve, as is the case here, a contract for the manufacture of customized goods. We conclude that it was error to grant the motion to dismiss.

---

[2] The communications appear substantial. The record reflects that over a period of about six months, defendant initiated 11 telephone contacts in addition to written communications concerning the planning, design and manufacture of the skylight system.

Reconsideration allowed; former opinion withdrawn; reversed and remanded.