Submitted on record and briefs January 13, reversed and remanded June 22, 1988

WEC, INC.,
dba Western Engineering Consultants,
*Appellant,*

*v.*

PATRIN et ux,
*Respondents.*

(86-90946; CA A42842)

756 P2d 667

Russell D. Bevans, Eugene, filed the brief for appellant.

Floyd Patrin and Elsie Patrin, Elk City, Idaho, filed the brief *pro se* for respondents.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The sole issue in this appeal is whether the trial court erred in granting defendants' motion to dismiss for lack of personal jurisdiction. ORCP 21A(2). We reverse.

We summarize the facts from the allegations in the complaint and affidavit of William Bublitz, principal shareholder of plaintiff. Plaintiff (WEC) is an Oregon corporation; Bublitz, is distantly related to defendant Elsie Patrin. Defendants own a number of mining claims in Idaho. By letter sent from Idaho to Oregon, in January, 1983, Elsie requested Bublitz to have WEC survey and remap the Patrins' mining claims. The Patrins needed new maps to comply with Bureau of Land Management (BLM) requirements for registration of their claims. Thereafter, the parties discussed the project over the telephone. In July, 1983, Bublitz wrote to remind the Patrins' that WEC was willing to do the work. The plan to go ahead with the work was made in a telephone conversation. Bublitz again wrote, requesting necessary information to develop documents needed for the survey. In September, 1983, while the Patrins were visiting in Oregon, the parties entered an agreement, which provided that WEC would

"[d]etermine and perform the necessary work to survey, prepare maps with legal descriptions, monument (or reference mark trees) and have registered at the BLM in Boise, Idaho, all the claims of [the Patrins] * * *."

At the time of contracting, in Oregon, the Patrins paid WEC $2,500 to begin the work. WEC subcontracted with an Oregon surveyor, licensed in Idaho, for his crew to do the actual surveying. In late 1983, WEC sent to Idaho the surveying crew, its equipment and the engineering work product already developed from the information supplied by the Patrins. In January, 1984, the Patrins requested additional surveying, and WEC again sent the surveying crew to Idaho to do the work requested. Thereafter, the Patrins complained about the quality of the work and refused to pay the balance under the contract. In the summer of 1984, the Patrins visited Bublitz in Oregon. At that time, Bublitz felt that they had "ironed out their differences." However, the Patrins later raised new objections to the work and withheld payment.

WEC filed this action to enforce the contract in Lane County District Court. The Patrins moved to dismiss for lack

of personal jurisdiction. ORCP 21A(2). The trial court granted the motion and entered a judgment dismissing the action.

Statutory provision for personal jurisdiction over nonresidents is found in ORCP 4. Subsections B through K enumerate circumstances which give rise to Oregon's "long arm" jurisdiction. *Ron Tonkin Gran Turismo v. Carruth,* 71 Or App 81, 84, 691 P2d 127 (1984). If a specific section does not apply to the facts, we must determine whether due process permits the Oregon court to exercise personal jurisdiction over the defendant. *See* ORCP 4L; *State ex rel Hydraulic Servo-controls v. Dale,* 294 Or 381, 384, 657 P2d 211 (1982); *Regal Manufacturing v. Louisana Glass, Inc.,* 83 Or App 463, 466, 731 P2d 1066, *rev den* 303 Or 454 (1987).

The Patrins contend that their connection with Oregon is too tenuous to satisfy the requirements of ORCP 4 and due process. In their affidavits and in arguments to this court, they state that they did not expect that a contract to do survey work in Idaho, although signed in Oregon, would bring them within the jurisdiction of Oregon Courts. WEC argues that ORCP 4E and ORCP 4L give the trial court personal jurisdiction.

ORCP 4 provides, in relevant part:

"A court of this state having jurisdiction of the subject matter has jurisdiction over a party served in an action pursuant to Rule 7 under any of the following circumstances:

"* * * * *

"E     In any action or proceeding which:

"* * * * *

"E(2)    Arises out of services actually performed for the plaintiff by the defendant within this state or services actually performed for the defendant by the plaintiff within this state, if such performance within this state was authorized or ratified by the defendant or payment for such services was guaranteed by the defendant; or

"E(3)    Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this state or to send from this state goods, documents of title, or other things of value or to guarantee payment for such goods, documents, or things; or

"E(4)  Relates to goods, documents of title, or other things of value sent from this state by the plaintiff to the defendant on the defendant's order or direction or sent to a third person when payment for such goods, documents, or things was guaranteed by defendant; or

"* * * * *

"L  Notwithstanding a failure to satisfy the requirement of sections B through K of this rule, in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States."

The contract between WEC and the Patrins involved some services to be performed in Oregon. The determination of the work necessary to perform the actual surveying was done in Oregon after WEC received information by letter. Also, WEC processed the information derived from the survey into legal descriptions and maps in Oregon. Those services meet the criteria of ORCP 4E(2). The contract also provides that WEC would register the claims, substantiated by the maps and legal descriptions, with the BLM in Idaho. That amounts to a "thing of value" sent from Oregon by WEC to the BLM at the Patrins' direction and meets the criteria of ORCP 4E(4). Thus, ORCP 4E(2) and (4) authorized the trial court's jurisdiction over the Patrins. The fact that some contracted services were also performed in Idaho does not defeat the jurisdiction given Oregon courts by ORCP 4E(2) and (4).

Reversed and remanded.