Argued and submitted September 28, 1994, affirmed April 12, 1995

Carrie BIGGS,
a minor, by and through her
Guardian ad Litem, Michael Biggs,
*Appellant,*

*v.*

ROBERT THOMAS, O.D., INC.,
and Robert Thomas, O.D.,
*Respondents.*

(9211-07840; CA A79521)

893 P2d 545

Kathryn H. Clarke and Robert D. Dames argued the cause for appellant. With them on the briefs was Maureen Leonard.

Thomas M. Christ argued the cause for respondents. With him on the brief was Mitchell, Lang & Smith.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

## RIGGS, J.

Plaintiff appeals from a judgment granting defendant's[1] motion to dismiss for lack of personal jurisdiction. ORCP 21 A(2). We affirm.

Defendant is an optometrist who practices in southern California. While plaintiff, a minor, was living in California with her family, defendant treated her for myopia and astigmatism. After plaintiff and her family moved to Oregon in 1985, she experienced an abrupt change in her vision and went to a local ophthalmologist for an examination. The doctor concluded that plaintiff suffered from amblyopia and prescribed new glasses. Because the local doctor's diagnosis and course of treatment deviated from defendant's, plaintiff's mother telephoned defendant.

The parties' accounts of the telephone conversation differ. Plaintiff's mother states in her affidavit that defendant elicited medical information and rendered additional optometric care. According to defendant's affidavit, he recommended to plaintiff's mother that she seek a second professional opinion regarding plaintiff's condition at the Pacific University College of Optometry, because he believed that "they [would] have a neurologist and an ophthalmologist on the staff." The content of the parties' conversation is an important component of the facts that are determinative of jurisdiction. The trial court made its ruling on defendant's motion to dismiss without providing any express factual findings. However, we must presume that the court found facts consistent with its judgment and therefore accepted defendant's account of the telephone conversation with plaintiff's mother. *Sutherland v. Brennan*, 131 Or App 25, 28, 883 P2d 1318, *rev allowed* 320 Or 492 (1994); *Management Recruiters v. Harold Moore & Assoc.*, 118 Or App 614, 616, 848 P2d 644, *rev den* 317 Or 162 (1993).

The record is unclear regarding the events that took place in the two years after plaintiff's mother contacted defendant. However, the root cause of plaintiff's vision problem, a tumor, was not discovered until March 1987. Plaintiff

---

[1] Plaintiff brought this action against Robert Thomas, O.D., and Robert Thomas, O.D., Inc., a California corporation. For the purposes of this opinion, we will refer to them collectively as "defendant."

underwent surgery to remove the tumor, which, because of a delay in diagnosis, had become enlarged and difficult to remove. During the course of the procedure, complications occurred that left plaintiff permanently quadriplegic. Plaintiff filed a medical malpractice action against defendant, who moved to dismiss the complaint under ORCP 21 A(2) for lack of personal jurisdiction. The trial court granted defendant's motion and dismissed the case with prejudice. Plaintiff appeals.

■■ Whether an Oregon court may assert personal jurisdiction over an out-of-state defendant is determined by the provisions of ORCP 4. *State ex rel Circus Circus Reno, Inc. v. Pope*, 317 Or 151, 153, 854 P2d 461 (1993). The burden rests with the plaintiff to establish facts sufficient to support the exercise of jurisdiction. *State ex rel Michelin v. Wells*, 294 Or 296, 299, 657 P2d 207 (1982). The trial court may base its determination regarding jurisdiction on the allegations set forth in the pleadings and the affidavits submitted by the parties. *State ex rel Advanced Dictating v. Dale*, 269 Or 242, 246, 524 P2d 1404 (1974); *Smith v. O'Byrne*, 113 Or App 128, 130, 831 P2d 709, *rev den* 313 Or 627 (1992).

■ Within ORCP 4, subsections B through K describe the types of activities that provide bases for personal jurisdiction over out-of-state defendants and subsection L extends jurisdiction to the limits imposed by the Due Process Clause of the Fourteenth Amendment to the federal constitution.[2] *Sutherland*, 131 Or App at 29; *Ron Tonkin Gran Turismo v. Carruth*, 71 Or App 81, 84, 691 P2d 127 (1984). Plaintiff first contends that jurisdiction over defendant may be exercised pursuant to ORCP 4 C, which confers jurisdiction

> "[i]n any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant."

She argues that a due process analysis "is unnecessary where the defendant brings himself within the scope of ORCP 4 C by committing a tortious act within the state." We disagree.

---

[2] Subsections B through K were included in ORCP 4 to "provide specific guidance to attorneys and judges for some of the more accepted categories of jurisdiction" and to "mitigate the vagueness of a jurisdictional test cast only in terms of a constitutional standard." Fredric R. Merrill, *Jurisdiction and Summons in Oregon* § 1.02, 2-3 (1986).

Even if we assume that plaintiff has alleged facts that bring this case within ORCP 4 C, due process considerations would preclude the court from obtaining jurisdiction over defendant.[3]

Under the precursor to ORCP 4, *former* ORS 14.035, *repealed by* Or Laws 1979, ch 284, § 199, courts undertook a two-part inquiry when applying Oregon's long-arm statute to nonresident defendants:

"(1) Does the case fall within the terms of [the jurisdictional statute]? If so, (2) Does due process permit an Oregon court, as a matter of constitutional law, to obtain and exercise personal jurisdiction over the defendant in such a case?" *State ex rel Academy Press v. Beckett*, 282 Or 701, 708, 581 P2d 496 (1978).

After ORCP 4 was enacted, the Supreme Court reiterated that two-part test in *State ex rel Hydraulic Servocontrols v. Dale*, 294 Or 381, 657 P2d 211 (1982). *See also Regal Manufacturing v. Louisiana Glass, Inc.*, 83 Or App 463, 466, 731 P2d 1066, *rev den* 303 Or 454 (1987); *cf. Columbia Boat Sales v. Island Packet Yachts*, 105 Or App 85, 803 P2d 283 (1990) (applying first part of test to establish jurisdiction). However, in *Hydraulic Servocontrols*, the two parts of the jurisdictional test merged, because subsection L, which contemplates a general due process analysis, was the only provision under which jurisdiction could be established. Nonetheless, the court then went on to briefly discuss, albeit in *dictum*, the relationship between the specific provisions of ORCP 4 and ORCP 4 L:

"Subsections B. through K. of Rule 4 may appear to be redundant in view of the subsection L. catchall provision, but they are not superfluous. Based as they are on facts which the United States Supreme Court has held to be adequate bases for jurisdiction, these more specific provisions serve to narrow the inquiry so that if a case falls within one of them, there is no need to litigate more involved issues of due process. Once a plaintiff alleges facts bringing his or her case

---

[3] Plaintiff relies, in the alternative, on ORCP 4 L to support the exercise of jurisdiction over defendant. As we explain above, ORCP 4 L extends jurisdiction to the limits of due process. Because the due process analysis we use in deciding whether jurisdiction is proper under ORCP 4 C is the same analysis that we must use under ORCP 4 L, resolution of plaintiff's arguments under the two provisions would be identical.

within a specific provision, that *ordinarily* will be the end of the matter." 294 Or at 384-85 (footnote omitted; emphasis supplied).

We do not construe the court's statement to suggest that once a plaintiff alleges facts to support jurisdiction based on one or more of the specific subsections of ORCP 4, personal jurisdiction over an out-of-state defendant is *per se* constitutional. As the Supreme Court noted in *State ex rel Jones v. Crookham*, 296 Or 735, 740, 681 P2d 103 (1984):

> "The reasonableness of a state exercising jurisdiction over non-residents is a case-by-case question. It is a determination 'in which few answers will be written "in black and white. The greys are dominant and even among them, the shades are innumerable." ' " (Citations omitted.)

We have recognized that subsections B through K are patterned after court decisions identifying fact situations in which jurisdiction is proper in the light of due process standards. *Regal Manufacturing*, 83 Or App at 467. Therefore, when a plaintiff alleges facts sufficient to support jurisdiction under any of those specific subsections, the exercise of jurisdiction will usually pass constitutional muster. However, compliance with subsections B through K does not necessarily mean that the court can automatically dispense with a due process analysis. *See Gray & Co. v. Firstenberg Machinery Co., Inc.*, 913 F2d 758 (9th Cir 1990) (requiring compliance with both ORCP 4 and due process standards). In each instance, it is incumbent upon the court to ensure that the exercise of personal jurisdiction comports with due process requirements.[4] *World-Wide Volkswagen Corp. v. Woodson*, 444 US 286, 100 S Ct 559, 62 L Ed 2d 490 (1980).

■■ The exercise of jurisdiction over a nonresident defendant is proper under the due process clause *if* the defendant has "minimum contacts" with the forum state and the assertion of jurisdiction would comport with notions of "fair play and substantial justice." *State ex rel Circus Circus Reno, Inc.*, 317 Or at 159-60; *Horn v. Seacatcher Fisheries, Inc.*, 128 Or App 585, 588, 876 P2d 352, *rev den* 320 Or 407 (1994). Minimum contacts exist where the defendant

---

[4] "In Oregon, constitutional due process is not only a limit upon the jurisdictional reach of the courts, but [is] also a definition of the extent of the jurisdictional power of such courts." Merrill, *Jurisdiction and Summons in Oregon* § 1.02 at 2.

"has 'purposefully directed' its activities at residents of the forum state *and* where the litigation 'arises out of or relates to' those activities." *State ex rel Circus Circus Reno, Inc.*, 317 Or at 159 (citation omitted).

We conclude that defendant here did not "purposefully direct" his activities at the residents of this state. Defendant is licensed and practices optometry solely in California. He does not advertise in Oregon or in any publication that would be expected to reach Oregon residents. Apart from defendant's telephone conversation with plaintiff's mother, which he did not initiate, defendant has no other connections with the state of Oregon. Defendant's recommendation to plaintiff's mother that she seek a second professional opinion with regard to plaintiff's vision change is not an act that would indicate that defendant purposefully availed himself of the privileges of acting or causing consequences in Oregon. *See Sutherland*, 131 Or App at 31 (defendant attorney's series of telephone calls to Oregon not sufficient basis to support exercise of personal jurisdiction). In this case, ORCP 4 C "cannot be constitutionally applied to provide that the plaintiff can obtain jurisdiction over the defendant." *State ex rel Sweere v. Crookham*, 289 Or 3, 11, 609 P2d 361 (1980); *Sunrise Express, Inc. v. Rhett Votaw & Co., Inc.*, 118 Or App 722, 848 P2d 1255 (1993).

The trial court properly determined that it lacked personal jurisdiction over defendant in this action.

Affirmed.