Argued and submitted March 13, reversed and remanded April 19, respondent
Robertson's petition for reconsideration filed May 2 allowed by opinion
June 28, 2000
See 168 Or App 654 (2000)

# PORTLAND TRAILER & EQUIPMENT, INC.,
an Oregon corporation;
and Tom Beason,
an individual,
*Appellants,*

*v.*

# A-1 FREEMAN MOVING & STORAGE, INC.,
an Oklahoma corporation;
and Rob F. Robertson,
an individual,
*Respondents.*
(9805-03819; CA A104316)

5 P3d 604

Roger A. Lenneberg argued the cause for appellants. On the opening brief were W. Frank Elsasser and Grant & Lenneberg.

David C. Landis argued the cause and filed the brief for respondent Rob F. Robertson.

No appearance by respondent A-1 Freeman Moving & Storage, Inc.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Plaintiffs appeal from a judgment dismissing their complaint against defendants for wrongful use of a civil proceeding based on lack of personal jurisdiction. ORCP 21 A; ORCP 4. Plaintiffs contend that the trial court erred in concluding that defendants' conduct in causing summons and complaint in an unmeritorious Oklahoma action to be served on them in Oregon and defendants' ensuing communications with plaintiffs in Oregon relating to that litigation, were insufficient to confer jurisdiction over defendants in Oregon's courts. We conclude that, in keeping with the demands of due process, personal jurisdiction lies against defendants under ORCP 4 L. We therefore reverse and remand.

Plaintiff Portland Trailer and Equipment, Inc. (Portland Trailer) is an Oregon corporation whose principal place of business is also in Oregon. Plaintiff Thomas Beason is an Oregon resident who, acting as an independent contractor, sells truck trailers in interstate commerce. Defendant A-1 Freeman Moving & Storage, Inc. (Freeman), is an Oklahoma corporation, and defendant Rob Robertson is an attorney licensed to practice law in Oklahoma.

In 1995, Robertson filed an action (the Oklahoma action) on behalf of Freeman against plaintiffs in the United States District Court for Oklahoma. The complaint alleged claims for fraud and breach of contract arising from a fractured transaction for the purchase and sale of multiple used trailers. Robertson, on behalf of Freeman, arranged for Portland Trailer to be served with summons and complaint by certified mail at its office in Oregon and also caused Beason to be personally served by a private process server at his residence in Oregon. Plaintiffs retained both Oregon and Oklahoma counsel to represent them. During the course of the Oklahoma action, Robertson held telephone conferences with plaintiffs' Oregon attorney and also mailed and faxed pleadings and correspondence to the Oregon attorney.

The Oklahoma action was eventually referred to nonbinding court-annexed arbitration. Plaintiffs prevailed in the arbitration proceeding and were awarded their attorney fees by the arbitrator. Freeman requested trial *de novo* but

ultimately dismissed the Oklahoma action without prejudice. Under Oklahoma law, the dismissal effectively deprived plaintiffs of the attorney fees awarded by the arbitrator. Plaintiffs then initiated this action against defendants for wrongful use of a civil proceeding in order to recover their expenses incurred in defending the Oklahoma action. Defendants moved to dismiss the action for want of personal jurisdiction, and the trial court granted that motion. Plaintiffs appeal from the ensuing judgment of dismissal.

■ Plaintiffs have the burden of alleging and proving facts sufficient to establish personal jurisdiction. *Dreher v. Smithson,* 162 Or App 645, 648, 986 P2d 721 (1999), *rev den* 329 Or 589 (2000). We construe pleadings and affidavits liberally to support jurisdiction. *Id.* Once the jurisdictional facts are established, we review the determination of personal jurisdiction for errors of law. *Boehm & Co. v. Environmental Concepts, Inc.,* 125 Or App 249, 252, 865 P2d 413 (1993). At trial and again on appeal, plaintiffs contend that personal jurisdiction existed under various subsections of ORCP 4.

■ We begin our analysis with plaintiffs' reliance on ORCP 4 C, which provides that a court of this state has jurisdiction over a party "[i]n any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant." In applying ORCP 4 C, we first consider whether that subdivision applies to the facts of this case. *Id.* at 253. If it does, we next determine whether the exercise of personal jurisdiction over nonresident defendants under the circumstances comports with due process. *Biggs v. Robert Thomas, O.D., Inc.,* 133 Or App 621, 626, 893 P2d 545, *rev den* 321 Or 560 (1995).

Plaintiffs argue that "[b]ecause the tort in question, wrongful use of a civil proceeding, requires the institution of legal proceedings which, in turn, requires service of summons and complaint, an essential element of the subject tort occurred within this state." Plaintiffs assert further that "each pleading, letter[,] and phone call made to Oregon counsel was a continuation of the tort, because each [of those activities] caused plaintiffs to incur further damages in the form of additional attorney fees." Plaintiffs reason that, because defendants engaged in tortious conduct within

Oregon, jurisdiction lies under ORCP 4 C irrespective of the location where plaintiffs suffered injury. Defendant counters that the initiation and termination of the Oklahoma action both occurred in Oklahoma, and thus plaintiffs' claim did not arise from conduct occurring in Oregon. We need not resolve the parties' dispute, however, because ORCP 4 C is inapposite for another reason.

■      ORCP 4 C applies only to claims for personal injury or injury to property. The rule does not mention damages arising from economic loss. Although not defined in ORCP 4, each of the foregoing types of damage has a well established and mutually exclusive legal meaning. The term "economic loss" describes financial losses such as indebtedness incurred and return of monies paid, as distinguished from damages for injury to person or property. *Onita Pacific Corp. v. Trustees of Bronson*, 315 Or 149, 159 n 6, 843 P2d 890 (1992); *Ore-Ida Foods v. Indian Head*, 290 Or 909, 916, 627 P2d 469 (1981) (economic loss can also be characterized as interference with economic expectancy or prospective economic advantage). Plaintiffs' complaint does not allege damages for personal injury or injury to property. Instead, it only seeks damages for *economic loss* in the form of attorney fees incurred as a result of defendants' conduct. Because plaintiffs do not seek either of the types of damages required by ORCP 4 C, the parties' disagreement about the situs of defendants' conduct is beside the point. ORCP 4 C simply does not apply to plaintiffs' claim. Despite defendants' failure to identify the precise flaw in plaintiffs' reliance on ORCP 4 C, we must confront it in order to avoid the misinterpretation of a statutory provision. *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997); *State v. Williams*, 161 Or App 111, 116, 984 P2d 312 (1999).

■      Plaintiffs next assert that jurisdiction exists under ORCP 4 D. That rule confers jurisdiction over a party:

> "In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:

> "D(1)   Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

"D(2) Products, materials, or things distributed, processed, serviced, or manufactured by the defendant were used or consumed within this state in the ordinary course of trade."

There are two difficulties with plaintiffs' argument. First, ORCP 4 D, like subsection 4 C, requires either a claim for injury to person or property, and plaintiffs have pleaded none. Second, although plaintiffs suggest that defendants conducted service activities, the term "service," as used in ORCP 4 D, means the performance of a business function auxiliary to the production or distribution of products, materials, or things. *Columbia Boat Sales v. Island Packet Yachts*, 105 Or App 85, 88, 803 P2d 283 (1990). The wrongful use of a civil proceeding is not conduct associated with production or distribution in the sense contemplated by the rule. Thus, ORCP 4 D is also inapplicable to the facts of this case.

Plaintiffs rely, in the last instance, on ORCP 4 L, the "catchall" provision, which creates personal jurisdiction:

"Notwithstanding a failure to satisfy the requirement of sections B through K of this rule, in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States."

Under ORCP 4 L, the exercise of jurisdiction over a nonresident defendant is consistent with due process, and thus constitutional, if the defendant has minimum contacts with the forum state and the assertion of jurisdiction would comport with notions of fair play and substantial justice. *State ex rel Circus Circus Reno, Inc. v. Pope*, 317 Or 151, 159-60, 854 P2d 461 (1993). Minimum contacts exist when the defendant "has 'purposefully directed' its activities at residents of the forum state *and* where the litigation 'arises out of or relates to' those activities." *Id.* at 159 (emphasis in original). Defendants argue that they did not "purposefully direct" their activities at Oregon residents. They note that Robertson is licensed and practices law solely in Oklahoma and that he has never represented a resident of Oregon. Apart from his limited activities in this case, defendants argue that Robertson has had no contact whatsoever with Oregon.[1] From those facts,

---

[1] The parties do not argue that the minimum contacts analysis is different for Freeman than it is for Robertson, presumably because the jurisdictional acts on which plaintiffs rely were performed by Robertson as Freeman's agent.

defendants reason that they have not had minimum contacts with Oregon and that the exercise of jurisdiction over them would be unreasonable. In our view, defendants' focus is too narrow.

Both requirements for minimum contacts were met in this case. First, it is readily apparent that defendants purposefully directed their activities at plaintiffs, each an Oregon resident. Defendants deliberately effected service of summons and complaint in the Oklahoma action on plaintiffs within Oregon. Thereafter, defendants consciously directed correspondence, pleadings, and discovery requests to plaintiffs through their Oregon attorney, and those acts caused economic loss in the form of attorney fees incurred by plaintiffs within Oregon.

Second, this action relates to defendants' activities within Oregon. A single contact with the forum state that is "substantively relevant" to the claim may suffice to authorize jurisdiction over a nonresident defendant. *State ex rel Michelin v. Wells*, 294 Or 296, 302, 657 P2d 207 (1982). Had defendants not caused plaintiffs to be served with summons and complaint within Oregon, plaintiffs would have had no obligation to appear in the Oklahoma action and, accordingly, would not have suffered the economic losses alleged in their complaint. Furthermore, as noted, defendants' later litigation activities also caused economic loss to plaintiffs within Oregon. When considered as a series of related activities, defendants' Oregon contacts are substantively relevant to this action.

In addition, we conclude that the exercise of jurisdiction over defendants comports with traditional notions of fair play and substantial justice. We note initially that a defendant who has purposefully directed activities at forum residents must, in order to defeat jurisdiction, make a compelling case that the assertion of jurisdiction would be unreasonable. *Burger King Corp. v. Rudzewicz*, 471 US 462, 477, 105 S Ct 2174, 85 L Ed 528 (1985). Defendants have not made that case. Assuming, as we must for present purposes, that defendants knew that the Oklahoma action was groundless, defendants had every reason to expect that they would cause damage to plaintiffs in Oregon and, thus, risk being called to account for their conduct in Oregon's courts. *See State ex rel*

*Hydraulic Servocontrols v. Dale*, 294 Or 381, 387-88, 657 P2d 211 (1982) (relevant due process consideration is the foreseeability of being haled into the forum state's courts that derives from defendant's conduct and connection with the forum state). Because the consequences of purposefully directing frivolous litigation at a resident of the forum state are foreseeable, the assertion of jurisdiction over defendants is reasonable under the circumstances alleged in this case.

Although no previous Oregon decision has addressed the specific question before us, cases decided in other jurisdictions uniformly agree with our conclusion. In *Hamilton, Miller, Hudson & Fayne Travel v. Hori*, 520 F Supp 67 (ED Mich 1981), for example, the court analyzed a virtually identical situation under Michigan law. In *Hori*, as here, the plaintiff brought an action for wrongful use of a civil proceeding against nonresident attorneys who had effected service of summons and complaint on the plaintiff in the forum state. In concluding that the exercise of jurisdiction was reasonable, the court observed:

> "Defendants did not enter the state unintentionally or for the purposes which were unrelated to the alleged tort. First, they purposefully availed themselves of the privilege of serving process in Michigan. Second, through their appointed agent process server, they were physically present within the state. This is not a case * * * where the Court must determine whether the mere use of the United States mails to serve pleadings supports jurisdiction. Therefore, since it is alleged that the service of process in a maliciously instituted lawsuit was the tortious act, Defendants are properly within the jurisdiction of this Court." *Id.* at 70.

Likewise, in *Schleit v. Warren*, 693 F Supp 416 (ED Va 1988), the defendant in an underlying libel action brought an action for abuse of process in the federal court of Virginia, his home state, against the attorneys for the plaintiff in the underlying action. In denying the attorneys' motion to dismiss for want of personal jurisdiction, the court reasoned as follows:

> "The critical due process issue in tort cases is whether it was 'foreseeable' that the defendant's out-of-state acts would have an impact within the forum state, 'such that he should reasonably anticipate being haled into court there.'

*World-Wide Volkswagen Corp. v. Woodson*, 444 US 286, 297, 100 S Ct 559, 567, 62 L Ed 2d 490 (1980)[.]

"* * * * *

"The court finds it reasonable to conclude that a lawyer who knowingly serves abusive process in a jurisdiction may expect to be haled into court where service was effectuated, since by such action he is 'purposefully avail[ing] himself of the privilege of conducting activities within the forum state.' " *Schleit*, 693 F Supp at 422.

The reasoning of the foregoing cases is consistent with the Oregon view of the demands of due process. Because defendants purposefully directed their activities at Oregon residents, because this litigation relates to those activities, and because defendants could reasonably expect to be haled into Oregon courts for effecting service of summons and complaint in a groundless action within this state, the exercise of jurisdiction is authorized under ORCP 4 L. Therefore, the trial court erred in granting defendants' motion to dismiss.

Reversed and remanded.