On respondent Robertson's petition for reconsideration filed May 2, reconsideration allowed; opinion (166 Or App 651, 5 P3d 604) modified and adhered to as modified June 28, 2000

### PORTLAND TRAILER & EQUIPMENT, INC.,
an Oregon corporation;
and Tom Beason, an individual,
*Appellants,*

*v.*

### A-1 FREEMAN MOVING & STORAGE, INC.,
an Oklahoma corporation;
and Rob F. Robertson, an individual,
*Respondents.*

(9805-03819; CA A104316)

4 P3d 741

David C. Landis for petition.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Pursuant to ORAP 6.25, defendant Robertson petitions for reconsideration of our opinion, *Portland Trailer & Equipment v. A-1 Freeman Moving*, 166 Or App 651, 5 P3d 604 (2000), in which we concluded that Oregon courts have personal jurisdiction over defendants pursuant to ORCP 4 L in this action. Defendant Robertson requests that we delete the bracketed language from the following sentences:

> "Plaintiffs prevailed in the arbitration proceeding [and were awarded their attorney fees by the arbitrator]. Freeman requested trial *de novo* but ultimately dismissed the Oklahoma action without prejudice. [Under Oklahoma law, the dismissal effectively deprived plaintiffs of the attorney fees awarded by the arbitrator.]" 166 Or App at 653-54.

Plaintiffs and defendant Freeman have stipulated to the deletion. Therefore, we allow the petition and delete the language that is bracketed above.

Reconsideration allowed; opinion modified and adhered to as modified.