Argued and submitted September 4, affirmed November 13, 2003

Mae HAYNES,
*Appellant,*

*v.*

TRI-COUNTY METROPOLITAN
TRANSPORTATION DISTRICT OF OREGON,
a municipal corporation,
*Respondent.*

0201-00624; A120056

79 P3d 353

Willard E. Merkel argued the cause for appellant. With him on the briefs was Merkel & Associates.

Jana Toran argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

## BREWER, J.

Plaintiff was injured when a bus on which she was a passenger took evasive action to avoid colliding with another vehicle. She submitted a claim for uninsured motorist (UM) benefits to defendant Tri-County Metropolitan Transportation District of Oregon, the operator of the bus. An arbitrator awarded plaintiff economic and noneconomic damages but denied her request, made pursuant to ORS 742.061 and ORS 806.130(3),[1] for attorney fees. The trial court affirmed the denial of attorney fees. In her sole assignment of error on appeal, plaintiff asserts that the trial court erred in denying her request for attorney fees. We affirm.

The following facts are not disputed. Defendant is self-insured. After plaintiff was injured in the near collision between defendant's bus and the other vehicle,[2] she brought this action seeking UM benefits in the amount of $4,564.94 for medical expenses and an amount not to exceed $25,000 for pain and suffering. Plaintiff also alleged that defendant had failed to make settlement within six months from the date that she filed proof of loss and that she therefore was entitled to an award of attorney fees as provided in ORS 742.061. Defendant answered that plaintiff was not entitled to UM benefits because she failed to comply with provisions of defendant's code pertaining to consideration for such benefits. Defendant also asserted that, because it is not an insurer for the purpose of ORS 742.061, plaintiff was not entitled to attorney fees.

The trial court transferred the case to its court-annexed arbitration program. The arbitrator awarded plaintiff $4,536.47 in special damages, $3,000 in general damages, and costs. The arbitrator concluded, however, that ORS 806.130(3)—requiring a self-insurer to "[a]gree to pay the same amounts with respect to an accident * * * that an

---

[1] Relevant statutes are set out in the discussion.

[2] The other vehicle was never identified. *See* ORS 742.504(2)(d) (defining "uninsured vehicle," in part, as a "phantom vehicle"); ORS 742.504(2)(g) (defining "phantom vehicle," in part, as a vehicle that causes bodily injury to an insured as a result of an accident where the vehicle has no physical contact with the insured or with the vehicle the insured is occupying and the identity of the operator or owner of the vehicle cannot be ascertained).

insurer would be obligated to pay under a motor vehicle liability insurance policy"— applied only to general and special damages attributable to an accident; that self-insurance does not involve a motor vehicle liability insurance "policy" for the purpose of ORS 742.061; and that a self-insured entity is not an "insurer" as defined in the Insurance Code.[3] For those reasons, the arbitrator denied plaintiff's request for attorney fees.

Pursuant to ORS 36.425(6), plaintiff excepted in the circuit court to the arbitrator's denial of attorney fees, arguing that "amounts with respect to an accident" as provided in ORS 806.130(3) include attorney fees under ORS 742.061. Relying in part on *Thompson v. Estate of Adrian L. Pannell*, 176 Or App 90, 29 P3d 1184 (2001), *rev den*, 333 Or 655 (2002), and *Farmers Ins. Co. v. Snappy Car Rental, Inc.*, 128 Or App 516, 876 P2d 833, *rev den*, 319 Or 625 (1994), defendant responded that the "amounts" that it is obligated to pay under ORS 806.130(3) include only the coverage limits and other obligations set out in ORS 806.070. After a hearing, the trial court affirmed the denial of attorney fees.

In this court, plaintiff reiterates that, as a self-insurer under ORS 806.130(3), defendant must "pay the same amounts" that a commercial insurer would be obligated to pay, including attorney fees as provided in ORS 742.061. According to plaintiff, the express, but nonexclusive, reference in ORS 806.130(3) to "uninsured motorist coverage and liability to at least the limits specified in ORS 806.070" does not preclude payment of other "amounts." She also argues that defendant's exemption from the Insurance Code under ORS 731.036(4) and (5)[4] does not exempt it from provisions of the Financial Responsibility Law (FRL), ORS chapter 806, or from provisions of the Insurance Code that are made applicable to it by operation of ORS chapter 806. Finally, she argues that a self-insurer is an "insurer" within the meaning of ORS 742.061. In response, defendant reiterates that it is

---

[3] The Insurance Code encompasses ORS chapters 731 to 735, 737, 742 to 744, 746, 748, and 750. ORS 731.004.

[4] ORS 731.036(4) provides an exemption from the Insurance Code for public bodies that individually or jointly establish a self-insurance fund for tort liability. ORS 731.036(5) provides an exemption from the Insurance Code for public bodies that individually or jointly establish a self-insurance fund for property damage.

exempt from the Insurance Code, that the FRL makes only certain provisions of the code applicable to self-insurers, and that ORS 742.061 is among the provisions that remain inapplicable.

■ Whether plaintiff is entitled to attorney fees under ORS 742.061 and ORS 806.130(3) is a question of law that we resolve according to the methodology set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). *See, e.g., Strader v. Grange Mutual Ins. Co.*, 179 Or App 329, 39 P3d 903, *rev den*, 334 Or 190 (2002) (applying *PGE* analysis in determining whether a "patrons of husbandry" association was exempt from the insurance code, including the attorney fee provision, ORS 742.061); *Mosley v. Allstate Ins. Co.*, 165 Or App 304, 307, 996 P2d 513 (2000) ("Whether a particular statute entitles a party to recover attorney fees is a question of law.").

■ As an initial matter, we note that the parties do not dispute that, as a self-insured local public body, defendant generally is exempt from the Insurance Code under ORS 731.036(4) and (5). As even defendant acknowledges, however, it remains subject to those provisions of the Insurance Code made applicable to self-insurers by the code itself, by the FRL, or by other relevant statute. *See, e.g.*, ORS 278.215(2) (providing, in part, that local public bodies that establish a self-insurance fund under ORS 30.282 in regard to the operation of motor vehicles within the control of the local public body shall provide the UM coverage required by ORS 742.500 to 742.504). Accordingly, we turn to the statutes at issue in this case.[5] We begin with the text of ORS 742.061, which provides, in part:

---

[5] The Oregon appellate courts previously have considered the meaning and application of ORS 742.061 and earlier versions of that statute in respects other than the one at issue here. *See, e.g., Dockins v. State Farm Ins. Co.*, 329 Or 20, 985 P2d 796 (1999) (addressing the scope and application of the term "tender" as used in ORS 742.061); *Strader*, 179 Or App at 335-38 (concluding that "patrons of husbandry association" was exempt from ORS 742.061); *Mosley* (considering whether the plaintiff submitted an adequate "proof of loss" for the purpose of ORS 742.061); *Douglass v. Allstate Ins.*, 152 Or App 216, 953 P2d 770, *rev den*, 327 Or 305 (1998) (determining that the application of ORS 742.061 is not limited to instances in which the insurer disputes coverage). In addition, in *Snappy Car Rental, Inc.*, 128 Or App at 521, this court determined, as a matter of statutory construction, that self-insurers under ORS 806.130 are not subject to the requirements of ORS 806.080, a provision of the FRL that is not at issue in this case.

"(1)   Except as otherwise provided in subsections (2) and (3) of this section, if settlement is not made within six months from the date proof of loss is filed with an *insurer* and an action is brought in any court of this state upon any *policy of insurance* of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as *attorney fees* shall be taxed as *part of the costs of the action* and any appeal thereon. * * *

"* * * * *

"(3)   Subsection (1) of this section does not apply to actions to recover uninsured or underinsured motorist benefits if, in writing, not later than six months from the date proof of loss is filed with the insurer:

"(a)   The insurer has accepted coverage and the only issues are the liability of the uninsured or underinsured motorist and the *damages* due the insured; and

"(b)   The insurer has consented to submit the case to binding arbitration."

(Emphasis added.) ORS 742.061 does not expressly state whether it applies to actions to recover benefits from self-insurers. By its terms, however, it refers to an "insurer" and to an action brought on a "policy of insurance." For the purpose of the Insurance Code, an insurer *"includes* every person engaged in the business of entering into policies of insurance." ORS 731.106 (emphasis added). Because it is stated in nonexclusive terms, the definition of "insurer" does not foreclose the possibility that a self-insurer is an insurer for the purposes of ORS 742.061.

By contrast, the use of the term "policy" in ORS 742.061 suggests that attorney fees are not available in an action to recover UM benefits from a self-insurer. For purpose of the Insurance Code, a "policy" is a "written contract or written agreement for or effecting insurance, by whatever name called[.]" ORS 731.122. Notwithstanding the definition's flexible approach to nomenclature, self-insurance cannot reasonably be deemed to involve the execution of a "written contract or written agreement" between the self-insurer

and an insured person. *See also Black's Law Dictionary* 291-92 (7th ed 1999) (defining "contract," in part, as "[a]n agreement between two or more parties creating obligations that are enforceable or otherwise recognizable at law"). Rather, self-insurance takes effect on the issuance by the Department of Transportation of a certificate of self-insurance. ORS 806.130(1); ORS 806.140; *see Black's* at 218 (defining "certificate," in part, as a document in which a fact is formally attested or which "certif[ies] the bearer's status or authorization to act in a specified way"). *Cf. Thompson,* 176 Or App at 96-98 (concluding, as a matter of statutory construction, that insurance maintained by a self-insurer pursuant to a certificate of self-insurance is not a "motor vehicle liability insurance policy" within the meaning of the provisions of the Insurance Code at issue in that case); *Goddard v. Farmers Ins. Co.,* 177 Or App 621, 33 P3d 1075 (2001) (where the plaintiff's claim sounded in tort and therefore was not an action on an insurance policy, the plaintiff was not entitled to an award of attorney fees under ORS 742.061).

Plaintiff also argues that defendant is an "insurer" for the purpose of ORS 742.061 because self-insurers provide "insurance" as defined in the Insurance Code. We disagree. The definition of "insurance" refers expressly to "*a contract* whereby one undertakes to indemnify another." ORS 731.102(1) (emphasis added). For the reasons discussed above in regard to the statutory definition of "policy," the definition of "insurance" in ORS 731.102(1) weighs against plaintiff's position.

Other features of the text of ORS 742.061, considered together with the relevant self-insurance provisions in ORS chapter 806, also support the understanding that attorney fees are not available from self-insurers. As quoted above, ORS 742.061(1) refers to "attorney fees" and describes them as "part of the costs of the action." In contrast, subsection (3) of that statute, pertaining to actions to recover UM benefits, refers to "damages due the insured." When the legislature uses different terms in the same statute or related statutes, we infer that it intended different meanings. *State v. Guzek,* 322 Or 245, 265, 906 P2d 272 (1995); *PGE,* 317 Or at 611. Accordingly, we infer that "attorney fees" are not a form of "damages." That is consistent with the usual understanding

of those terms: ordinarily, attorney fees for representation in a particular case are not a part of the damages sought *in that case. Cf., e.g., Sansone v. Garvey, Schubert & Barer,* 188 Or App 206, 212, 71 P3d 124, *rev den,* 336 Or 16 (2003) (in legal malpractice case, the plaintiff alleged economic damages based on attorney fees paid to the defendants in the prior proceeding); *Portland Trailer & Equipment v. A-1 Freeman Moving,* 166 Or App 651, 655, 5 P3d 604, *adh'd to on recons,* 168 Or App 654, 4 P3d 741 (2000) (in tort action for wrongful use of civil proceeding, the plaintiffs sought damages for economic loss in the form of attorney fees incurred as a result of the defendants' initiation of the predicate civil proceeding).

■     Keeping in mind that understanding of the meaning of the term "damages," we turn to the relevant provisions pertaining to self-insurance. ORS 806.060 provides, in part:

> "A person who is required to comply with the financial responsibility requirements of this state must be able to respond *in damages, in amounts required under this section,* for liability on account of accidents arising out of the ownership, operation, maintenance or use of motor vehicles and must establish that ability by one of the methods required by this section. All of the following apply to the financial responsibility requirements of this state:
>
> "(1)   To meet the financial responsibility requirements, a person must be able to respond *in damages in amounts not less than those established under the payment schedule under ORS 806.070.*
>
> "(2)   A person may only comply with the financial responsibility requirements of this state by establishing the required ability to respond *in damages* in one of the following ways:
>
> "* * * * *
>
> "(d)   Becoming self-insured as provided under ORS 806.130."

(Emphasis added.) The emphasized portions of ORS 806.060 refer to responding "in damages" in the "amounts" established in the "payment schedule" in ORS 806.070.

In turn, ORS 806.070 provides, in part:

"(1)   This section establishes a *schedule of payments* for the following purposes:

"* * * * *

"(d)   A person who is self-insured under ORS 806.130 must agree to *pay according to the payment schedule established by this section*.

"* * * * *

"(2)   The *schedule of payments* is as follows:

"(a)   $25,000 because of bodily injury to or death of one person in any one accident;

"(b)   Subject to that limit for one person, $50,000 because of bodily injury to or death of two or more persons in any one accident; and

"(c)   $10,000 because of injury to or destruction of the property of others in any one accident."

(Emphasis added.) Like ORS 806.060, the relevant portions of ORS 806.070 refer to a "payment schedule" (or, alternatively, "schedule of payments").

Finally, ORS 806.130 provides:

"To qualify as a self-insurer *for purposes of financial responsibility requirements under ORS 806.060,* a person must do all of the following:

"(1)   Apply to the Department of Transportation and be issued by the department a certificate of self-insurance under ORS 806.140.

"(2)   Either:

"(a)   Establish to the satisfaction of the department that the person is possessed and will continue to be possessed of the ability to pay and discharge judgments described under ORS 806.040 that might be obtained against the applicant; or

"(b)   Be duly qualified under the laws of the State of Oregon or under an ordinance of a city of this state to act as a self-insurer and be acting as such.

"(3) Agree to *pay the same amounts* with respect to an accident occurring while the certificate is in force that an insurer would be obligated to *pay* under a motor vehicle liability insurance policy, *including uninsured motorist coverage and liability coverage to at least the limits specified in ORS 806.070.*

"(4) Have more than 25 motor vehicles including commercial buses registered in the person's name."

(Emphasis added.)

Taken together, ORS 806.060, ORS 806.070, and ORS 806.130 indicate that ORS 806.130(3) does not require the payment of attorney fees. First, the pertinent portions of ORS 806.060 and ORS 806.130—which are, of course, related statutes—use the term "amounts." We therefore infer that the legislature intended the term "amounts" to have the same meaning in both statutes. *See PGE*, 317 Or at 611 (where the legislature uses the same term in related statutes, court infers that the term has the same meaning); *Kahn v. Pony Express Courier Corp.*, 173 Or App 127, 141, 20 P3d 837, *rev den*, 332 Or 518 (2001) (same). Next, as previously noted, ORS 806.060 makes clear that the "amounts" referred to in those statutes are those set out in the "payment schedule" in ORS 806.070 and that are required to respond "in damages" for liability arising out of motor vehicle accidents. Even more specifically, ORS 806.070, which is incorporated in both ORS 806.060 and ORS 806.130, indicates that the "amounts" set out in the "payment schedule" are those amounts that are the minimum required payments for particular forms of damages, including damages arising from bodily injury, death, and injury to or destruction of property. The described features of ORS 806.060, ORS 806.070, and ORS 806.130 thus demonstrate that the phrase "pay the same amounts with respect to an accident" in ORS 806.130(3) refers to amounts relating to forms of damages, including those enumerated in the payment schedule in ORS 806.070. Again, ORS 742.061 itself—consistently with the usual understanding of the terms—indicates that attorney fees are not a form of damages in the particular case. For all of those reasons, we conclude that the "amounts" referred to in ORS 806.130(3) do not include attorney fees as provided in ORS 742.061.

We appreciate that ORS 742.061 also uses the term "amount" and that it does so, not in relation to "damages" but in relation to "any tender made by the defendant in the action" and, most significantly here, in relation to attorney fees. *See* ORS 742.061(1) (referring to "a reasonable amount to be fixed by the court as attorney fees"). As the parties' arguments recognize, however, the dispositive inquiry here is the meaning of the term "amounts" in the phrase "pay the same amounts" in ORS 806.130(3).

Nor is our conclusion regarding that meaning undermined by the fact, relied on by plaintiff, that ORS 806.130(3) contains the phrase *"including* uninsured motorist coverage and liability coverage to at least the amounts specified in ORS 806.070." (Emphasis added.) It is true that the emphasized usage indicates that UM and liability coverage amounts are not necessarily the only "amounts" that a self-insurer may be required to pay under ORS 806.130(3). Nevertheless, as discussed above, the text of the relevant provisions indicates that the term "amounts" in that provision refers to amounts comprising various forms of "damages." UM and liability coverage are not the only forms of damages encompassed in motor vehicle liability insurance policies. *See, e.g.,* ORS 742.520 (requiring motor vehicle liability insurance policies covering "private passenger motor vehicles" to include personal injury protection benefits).[6] Accordingly, the apparently nonexclusive reference in ORS 806.130(3) to UM and liability coverage does not compel the conclusion that the term "amounts" in that provision includes attorney fees.

Finally, plaintiff argues that an interpretation of ORS 806.130(3) that excludes payment for attorney fees undermines the legislature's apparent purpose of establishing parity between remedies available to injured persons under insurance policies and those available pursuant to self-insurance. Assuming that plaintiff's point is well taken, that problem is for the legislature, not this court, to address.

Affirmed.

---

[6] For the purpose of personal injury protection benefits, a "private passenger motor vehicle" is any four-wheel motor vehicle that is not used as a public or livery conveyance or for wholesale or retail delivery. ORS 742.520(7)(e).