Argued and submitted September 8, decision of the Court of Appeals reversed; judgment of the circuit court reversed, and case remanded to the circuit court for further proceedings December 23, 2004

## Mae HAYNES,
*Petitioner on Review,*

*v.*

## TRI-COUNTY METROPOLITAN TRANSPORTATION DISTRICT OF OREGON,
a municipal corporation,
*Respondent on Review.*

(0201-00624; CA A120056; SC S51097)

103 P3d 101

Willard E. Merkel, of Merkel & Associates, Portland, argued the cause and filed the briefs for petitioner on review.

Jana Toran, of TriMet Legal Department, Portland, argued the cause and filed the brief for respondent on review.

BALMER, J.

**BALMER, J.**

The issue in this case is whether a self-insured entity may be liable for attorney fees in the same circumstances as an insurer. We hold that the answer to that question is yes.

ORS 742.061, the text of which is set out below, generally provides that a person may recover reasonable attorney fees from an insurer if the following sequence of events occurs: (1) the person presents a proof of loss to an insurer; (2) the parties fail to settle the claim within six months; and (3) the person files an action seeking recovery under the insurance policy and obtains a recovery that exceeds any settlement offer.

The question before us respecting the statute's scope arises under the following facts. Plaintiff Mae Haynes was injured while riding as a passenger in a bus operated by the Tri-County Metropolitan Transportation District (TriMet). Plaintiff submitted a claim to TriMet, and TriMet denied it. Plaintiff eventually filed a complaint and obtained a judgment against TriMet. When plaintiff sought attorney fees under ORS 742.061, TriMet asserted that ORS 742.061 did not apply to it because it was self-insured. An arbitrator agreed with TriMet, as did the trial court and, on plaintiff's appeal, the Court of Appeals. *Haynes v. Tri-County Metro.*, 190 Or App 555, 79 P3d 353 (2003). We conclude, however, that ORS 742.061 applies to TriMet and that TriMet therefore may be liable to plaintiff for reasonable attorney fees if it failed to settle plaintiff's claim within six months after the claim was submitted, provided that the other requirements of ORS 742.061 were satisfied.

We first describe briefly the procedures that TriMet has established to respond to claims by persons injured on TriMet buses, and then we consider the facts of this case. The Financial Responsibility Law requires the owner of any motor vehicle to be able to "respond in damages" for liability from accidents arising out of the operation of that motor vehicle. ORS 806.060(1). As an alternative to purchasing insurance to cover such liability, an owner may "self-insure" by meeting certain statutory criteria and obtaining a certificate

of self-insurance from the Oregon Department of Transportation. *See* ORS 806.130 - 806.140 (describing requirements to obtain self-insurance and certificates of self-insurance). To qualify as a self-insurer under ORS 806.150, the owner must "agree to pay the same amounts with respect to an accident occurring while the certificate is in force that an insurer would be obligated to pay under a motor vehicle liability policy, *including uninsured motorist coverage * * *.*" ORS 806.130(3) (emphasis added).

TriMet chose to self-insure and, as described in greater detail below, adopted an ordinance in which it agreed to compensate its passengers for injuries caused by uninsured motorists in accordance with the provisions of ORS 742.500 to 742.510. The TriMet ordinance also established a claims procedure for TriMet passengers injured on TriMet vehicles.

We now return to the facts of this case. Plaintiff was riding as a passenger in a TriMet bus when the bus driver took evasive action to avoid a collision with another vehicle. Plaintiff was injured as a result of the bus driver's evasive action. Plaintiff filed a claim with TriMet to recover compensation for her injuries, but TriMet denied the claim. After more than six months had elapsed since she had asserted her claim, plaintiff filed a complaint in circuit court. In addition to the facts just noted, the complaint alleged that an unidentified vehicle had caused the accident, that plaintiff was uninsured, and that, in those circumstances, the TriMet ordinance required TriMet to provide uninsured motorist (UM) benefits to plaintiff.[1] The complaint requested economic damages totaling $4,564.94 and general damages totaling $25,000. In addition, the complaint demanded attorney fees under ORS 742.061 because TriMet had failed to

---

[1] As noted, TriMet provides UM coverage to its passengers. ORS 742.504, which sets out the required provisions of UM coverage, includes, within the definition of "uninsured vehicle," a "phantom vehicle." *See* ORS 742.504(d)(C) (defining "uninsured vehicle"). A "phantom vehicle" is a vehicle that, among other criteria, causes bodily injury in a motor vehicle accident and neither the owner nor operator of which can be identified. *See* ORS 742.504(g) (defining "phantom vehicle"). In this court, the parties do not dispute that a phantom vehicle caused plaintiff's injuries or that plaintiff is entitled to UM benefits for her injuries.

resolve plaintiff's claim within six months after she had submitted it. TriMet denied that plaintiff was entitled to recover UM benefits and also asserted that it was not liable for attorney fees because it was not an insurer under ORS 742.061.

The trial court referred the dispute to arbitration, where plaintiff recovered economic damages totaling $4,564.94 and general damages totaling $3,000. The arbitrator declined to award plaintiff her attorney fees, however, concluding that TriMet was not an insurer for purposes of ORS 742.061(1). Plaintiff filed an exception in the trial court, but the trial court agreed with the arbitrator's decision to deny attorney fees. On appeal, applying statutory definitions of "insurer," "policy," and "insurance," the Court of Appeals affirmed, holding that ORS 742.061(1) did not apply to TriMet because, even if TriMet were an "insurer" under the terms of that statute, TriMet's UM coverage did not qualify as a "policy of insurance" within the meaning of that statute. *Haynes*, 190 Or App at 560-61.

Plaintiff's right to recover attorney fees from TriMet turns on the application of ORS 742.061. That statute provides, in part:

"Except as otherwise provided in subsections (2) and (3) of this section, if settlement is not made within six months from the date proof of loss is filed with an *insurer* and an action is brought in any court of this state upon *any policy of insurance of any kind or nature*, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

ORS 742.061(1) (emphasis added).

This case presents two issues: whether TriMet is an "insurer" for purposes of ORS 742.061 and whether TriMet's UM coverage is a "policy of insurance of any kind or nature." Those are questions of statutory construction that we consider under the methodology outlined in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). Pursuant to that methodology, we first examine the text and context of the statute, giving words of common usage "their plain, natural, and ordinary meaning." *Id.* at 611. If

the legislative intent is clear from the text and context of the statute, then further analysis is unnecessary. *Id.* at 611-12.

■        TriMet's initial argument is that it is not an "insurer" because, as a self-insurer, it is exempt from the provisions of the Insurance Code, including ORS 742.061(1).[2] TriMet is correct that it is exempt from the Insurance Code: The Insurance Code does not apply to public bodies that establish a self-insurance fund for tort liability or property damage. ORS 731.036(4), (5). Despite that general exemption, however, numerous statutes impose specific Insurance Code requirements on self-insurers. Here, for example, ORS 278.215 requires that self-insurance coverage for government vehicles must include UM coverage under ORS 742.500 to 742.504. The required provisions of UM coverage are set out in ORS 742.504, which is part of the Insurance Code.[3] Thus, if ORS 742.061, which also is part of the Insurance Code, applies to TriMet's activities by its own terms, then TriMet cannot be exempt from that statute by virtue of the general Insurance Code exemption in ORS 731.036 for public bodies that self-insure.

TriMet next argues that, even if it is not exempt from ORS 742.061, it nevertheless is not an "insurer" under that statute because it is a "self-insurer," rather than an insurance company. Plaintiff contends that TriMet is an "insurer" under ORS 742.061 precisely because it *is* a self-insurer.

ORS 742.061 is part of the Insurance Code. The Insurance Code provides a statutory definition of the word "insurer": " 'Insurer' *includes* every person engaged in the business of entering into policies of insurance." ORS 731.106 (emphasis added). Because the legislature uses the term "include," the definition is nonexclusive, *i.e.*, the definition of

---

[2] The Insurance Code consists of ORS chapters 731 to 735, 737, 742 to 744, 746, 748, and 750. ORS 731.004.

[3] Other statutes supplement the provisions requiring UM coverage. To qualify as a self-insurer, TriMet had to promise to "pay the same amounts with respect to an accident * * * that an insurer would be obligated to pay under a motor vehicle liability insurance policy, including uninsured motorist coverage and liability coverage to at least the limits specified in ORS 806.070." ORS 806.130(3); *see also* ORS 806.070 (setting out schedule of payments).

insurer encompasses insurance companies, but it is not limited to insurance companies. Thus, the definition is broad enough to include other entities that provide insurance, in addition to ones that are "engaged in the business of entering into policies of insurance."[4] Whether an entity that provides insurance, but is not "engaged in the business of entering into policies of insurance," is an "insurer" for purposes of a particular statute will depend on the meaning of the word "insurer" in that statute.

Here, TriMet has undertaken to provide UM insurance coverage to its passengers by self-insuring, rather than by purchasing insurance coverage from an insurance company. As a municipal corporation under Oregon law, TriMet is authorized to adopt ordinances of general applicability that have the force of municipal law.[5] By ordinance, TriMet has agreed to comply with ORS 742.504, which establishes UM coverage, and has provided that UM claims by TriMet passengers "shall be subject to ORS 742.504."[6] ORS 742.504, in turn, first sets out the provisions of UM coverage that are required when UM coverage is offered:

> "Every policy required to provide the coverage specified in ORS 742.502 shall provide uninsured motorist coverage

---

[4] The Court of Appeals recognized that the nonexclusive definition of "insurer" in ORS 731.106 does not foreclose the possibility that a self-insurer is an insurer for purposes of ORS 742.061. *Haynes*, 190 Or App at 560. The Court of Appeals did not need to decide that interpretive issue, however, because it concluded that, in any event, the use of the term "policy" in ORS 742.061 barred plaintiff from recovering her attorney fees. *Id.* at 560-61. As explained below, we reach a different conclusion.

[5] TriMet is "a municipal corporation of this state, and a public body, corporate and politic, exercising public power." ORS 267.200. In particular, it is a "mass transit district," organized pursuant to ORS chapter 267 for the primary purpose of "providing a mass transit system for the people of the district." ORS 267.080. As a mass transit district, TriMet may enact ordinances under ORS 198.510 to 198.600, such as the TriMet Code. The TriMet Code provides that it "is adopted as the codification of permanent and general provisions enacted in ordinance form by the Tri-County Metropolitan Transportation District of Oregon (Tri-Met) * * *." TriMet Code § 1.05.

[6] Section 9.10 of the TriMet Code states:

"As a self-insurer, Tri-Met complies with the provisions of ORS Chapter 806, the Financial Responsibility Law, and ORS 742.500 through 742.510, concerning Uninsured Motorist Coverage. Nothing in this Chapter shall be construed as adopting procedures or limits to liability other than those required by ORS Chapter 806 and ORS 742.500 through 742.510 * * *."

which in each instance is no less favorable in any respect to the insured or the beneficiary than *if the following provisions were set forth in the policy.*"

ORS 742.504 (emphasis added). The statute then sets out the rights and liabilities of insurers and insureds.

Regarding insurers, in particular, the statute provides, in part:

"The *insurer* will pay all sums which the insured, the heirs or the legal representative of the insured shall be legally entitled to recover as general and special damages from the owner or operator of an uninsured vehicle because of bodily injury sustained by the insured caused by accident and arising out of the ownership, maintenance or use of such uninsured vehicle."

ORS 742.504(1)(a) (emphasis added). Thus, the "insurer" for purposes of UM coverage is the entity that "will pay all sums which the insured * * * shall be legally entitled to recover as general and special damages * * *." ORS 742.504(1)(a). In this instance, that entity is TriMet. By electing to self-insure—here, by enacting an ordinance that explicitly provides to its passengers the UM coverage set out in ORS 742.504(1)(a)—TriMet has made itself an "insurer" of its passengers for that purpose.

■ Having determined that TriMet is an insurer because it provides UM coverage to its passengers under ORS 742.504, we now return to ORS 742.061, the attorney fees statute at issue in this case. ORS 742.061(1) provides that, if an "insurer" fails to settle a claim within six months after a claimant files a proof of loss, and the claimant brings an action on a policy and recovers an amount that exceeds any tender that the insurer made, then the court "shall" award a reasonable attorney fee. The statute's requirement that an insurer pay attorney fees in those circumstances—but not in cases in which the insurer settles the claim within six months or in which the claimant recovers less than the insurer offered in settlement—shows that ORS 742.061 was designed to expedite the processing of claims and reduce litigation by providing an incentive for efficient claim resolution. Having concluded that TriMet is an "insurer" providing UM coverage to its passengers under ORS 742.504, we have little

doubt that the legislature intended that an entity that is an "insurer" under that statute also should be deemed to be an "insurer" as that term is used in ORS 742.061(1), the statute that provides an incentive to insurers to resolve claims expeditiously.

Based on the foregoing analysis, we hold that TriMet is an insurer for purposes of the attorney fees provision of ORS 742.061(1). We therefore turn to the second issue: whether plaintiff's claim against TriMet is based on a "policy of insurance." As noted previously, a person making a claim against an insurer may recover attorney fees under ORS 742.061(1) in an action on a "policy of insurance of any kind or nature." The Insurance Code defines "policy" as a "written contract or written agreement for or effecting insurance, by whatever name called." ORS 731.122. It also defines "insurance" as "a contract whereby one undertakes to indemnify another or pay or allow a specified or ascertainable amount or benefit upon determinable risk contingencies." ORS 731.102. TriMet argues that those definitions suggest that an insurance policy is limited to a written insurance contract between an insurer and an insured and that this case involves no such contract.

Here, insurance coverage was not provided pursuant to a contract between an insurance company and the owner of the vehicle, as often is the case. Instead, TriMet's ordinance represents its agreement to provide coverage. By agreeing to adopt the coverage provisions of ORS 742.504, including the obligation to compensate passengers injured by the negligence of uninsured motorists, TriMet has "undertake[n] to indemnify another or pay or allow a specified or ascertainable amount or benefit upon determinable risk contingencies." ORS 731.102 (defining "insurance"). That undertaking likewise constitutes a "written agreement for or effecting insurance, by whatever name called." ORS 731.122 (defining "policy"). TriMet's ordinance thus satisfies the requirement of "any policy of insurance of any kind or nature" as that phrase is used in ORS 742.061(1). TriMet, in effect, offers its passengers recovery under an insurance policy, with the same terms that ORS 742.504 requires of any UM policy.

The words of TriMet's ordinance make the disposition of this case straightforward. We do not suggest, however, that other motor vehicle self-insurers under ORS 806.060 would be less liable under ORS 742.061(1) than is TriMet. Certainly, as we have explained, all such self-insurers are "insurers" under ORS 742.061. Moreover, ORS 806.130 requires a self-insurer to "agree" to pay the amounts that an insurer would pay, including UM coverage, before it can obtain a certificate of self-insurance from the Oregon Department of Transportation.[7]

For the reasons discussed above, we conclude that, under ORS 742.061(1), TriMet is an insurer and plaintiff's case is "an action * * * upon [a] policy of insurance of any kind or nature." Plaintiff therefore is entitled to recover her reasonable attorney fees from TriMet.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

[7] ORS 806.130 provides, in part:

"*To qualify as a self-insurer* for purposes of financial responsibility requirements under ORS 806.060, *a person must do all of the following*:

"(1) Apply to the Department of Transportation and be issued by the department a certificate of self-insurance under ORS 806.140.

"* * * * *

"(3) *Agree to pay the same amounts with respect to an accident occurring while the certificate is in force that an insurer would be obligated to pay under a motor vehicle liability insurance policy, including uninsured motorist coverage* and liability coverage to at least the limits specified in ORS 806.070."

(Emphasis added.)