**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CONTINENTAL CASUALTY INSURANCE COMPANY, an Illinois corporation, | No. 09-35484 |
| | DC No. 3:07 CV-0913 KI |
| Plaintiff - Appellee, | |
| | MEMORANDUM[*] |
| v. | |
| ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; TCR PACIFIC NORTHWEST CONSTRUCTION 2002 LIMITED PARTNERSHIP, a foreign limited partnership, | |
| Defendants, | |
| and | |
| SAFWAY SERVICES, INC., a Delaware corporation, | |
| Defendant - Appellant. | |

| | |
|---|---|
| CONTINENTAL CASUALTY INSURANCE COMPANY, an Illinois corporation, | No. 09-35523 |
| | DC No. 3:07 CV-0913 KI |

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff - Appellant,

v.

ZURICH AMERICAN INSURANCE
COMPANY, a New York corporation,

Defendant,

and

TCR PACIFIC NORTHWEST
CONSTRUCTION 2002 LIMITED
PARTNERSHIP, a foreign limited
partnership; SAFWAY SERVICES, INC.,
a Delaware corporation,

Defendants - Appellees.

---

CONTINENTAL CASUALTY
INSURANCE COMPANY, an Illinois
corporation,

No. 09-35696

DC No. 3:07 CV-0913 KI

Plaintiff - Appellant,

v.

ZURICH AMERICAN INSURANCE
COMPANY, a New York corporation;
TCR PACIFIC NORTHWEST
CONSTRUCTION 2002 LIMITED
PARTNERSHIP, a foreign limited
partnership,

Defendants,

2

and

SAFWAY SERVICES, INC., a Delaware corporation,

Defendant - Appellee.

---

CONTINENTAL CASUALTY INSURANCE COMPANY, an Illinois corporation,

Plaintiff - Appellee,

v.

ZURICH AMERICAN INSURANCE COMPANY, a New York corporation,

Defendant,

and

TCR PACIFIC NORTHWEST CONSTRUCTION 2002 LIMITED PARTNERSHIP, a foreign limited partnership,

Defendant - Appellant,

v.

SAFWAY SERVICES, INC., a Delaware corporation,

Defendant - Appellee.

No. 09-35697

DC No. 3:07 CV-0913 KI

3

Appeals from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Argued and Submitted October 5, 2010
Portland, Oregon

Before:     TASHIMA, PAEZ, and CLIFTON, Circuit Judges.

The parties appeal from the district court's grant of summary judgment in a coverage dispute between contractors on a Portland apartment construction project. At issue is responsibility for defense costs incurred in a personal injury action brought by an employee of subcontractor Safway Services, Inc. ("Safway"), who suffered serious injuries while working on the project. We have jurisdiction under 29 U.S.C. § 1291. We affirm in part and reverse in part the district court's grant of summary judgment in favor of general contractor TCR Pacific Northwest Construction ("TCR") and Continental Casualty Insurance Company ("Continental"), the insurer of subcontractor Performance Contracting, Inc. ("PCI"). We have jurisdiction over Continental and TCR's appeals of the district court's post-judgment order on attorneys' fees, *Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007), and we affirm.

**1.**     This court reviews de novo a district court's decision to grant summary judgment. *McDonald v. Sun Oil Co.*, 548 F.3d 774, 778 (9th Cir. 2008),

4

*cert. denied sub nom. Sunoco, Inc. v. McDonald*, 129 S. Ct. 2825 (2009). Safway challenges the district court's determination that the "procure insurance" provision of Safway's contract with PCI is valid under Oregon law. Safway first argues that the provision is invalid under Or. Rev. Stat. § 656.018, Oregon's workers' compensation exclusivity statute. The Oregon Court of Appeals has held that § 656.018 does not void contractual agreements to procure insurance. *Montgomery Elevator Co. v. Tuality Cmty. Hosp.*, 790 P.2d 1148, 1149-50 (Or. Ct. App. 1990) (in banc). In the absence of contrary case law, there is no "convincing evidence" that the Oregon Supreme Court would reach a different conclusion. *Briceno v. Scribner*, 555 F.3d 1069, 1080 (9th Cir. 2009) ("In the absence of a pronouncement by the highest court of a state, the federal court must follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently.") Accordingly, we conclude that § 656.018 does not void Safway's contractual promise to procure insurance.

Safway next argues that Oregon's anti-indemnity law, Or. Rev. Stat. § 30.140, voids the "procure insurance" provision. This statute specifically does not affect an indemnification provision "that requires a person or that person's surety or insurer to indemnify another against liability for damage" to the extent that

5

damage "arises out of the fault of the indemnitor." Or. Rev. Stat. § 30.140(2).

Here, the plain language of the contractual procure insurance provision limits

coverage to liability arising out of Safway's own negligence. Furthermore, even if

the provision could be read as improperly requiring Safway to procure insurance

covering the upstream contractors for their own negligence, it can still be enforced

to the extent it requires coverage for liability arising out of Safway's own

negligence. *See Hays v. Centennial Floors, Inc.*, 893 P.2d 564, 567 (Or. Ct. App.

1995). Accordingly, we conclude that § 30.140 does not void Safway's promise to

procure insurance.

Safway contends that even if the provision is valid, Safway did not breach it

by obtaining a policy with a $1 million self-insured retention.[1] We disagree.

Safway is correct that the contract does not explicitly prohibit self-insured

retentions. However, the contract requires Safway to procure "primary" insurance,

with minimum limits of $1 million, issued by "an A-rated or better carrier

satisfactory to [PCI]." Under this language, if Safway intended to self-insure in an

_____

[1]    Safway contends that Continental is not entitled to enforce the
contract because it is not a party to the contract. As PCI's insurer and by the terms
of its contract with PCI, Continental is properly subrogated to PCI's contract
claims against Safway. *Nat'l Fire Ins. Co. v. Mogan*, 206 P.2d 963, 969 (Or. 1949)
(holding that insurer was subrogated to the insured's rights arising out of breach of
contract of bailment).

amount equal to the dollar amount of coverage it agreed to obtain, it should have notified PCI to allow PCI to decide whether Safway's self-coverage was "satisfactory." Instead, Safway obtained a policy with a self-insured retention, so that Safway's insurer had no duty to defend until the retention was exhausted (which, in this case, it never was). As a consequence, Safway's insurer did not provide the upstream contractors with the primary coverage they expected. *See* Ostrager & Newman, 1 Handbook on Insurance Coverage Disputes § 6.03[a] (15th ed. 2010) ("*Excess* or *secondary* insurance is coverage that attaches only after a predetermined amount of primary coverage has been exhausted."). Accordingly, we conclude that Safway breached its promise to procure insurance.

Finally, Safway appeals the district court's damages award, contending that the district court improperly included attorneys' fees unrelated to the underlying personal injury suit. We agree. On this point, we reverse and remand to the district court to subtract from the damages award the disputed attorneys' fees arising out of: (1) Continental and TCR's coverage dispute with Safway; (2) TCR's coverage dispute with Continental; and (3) TCR's dispute with PCI relating to PCI's contractual obligations to TCR. This requires a $35,248.50 deduction from TCR's damages award and a $19,160 deduction from Continental's damages award.

7

**2.** In its cross-appeal, Continental contends that it is entitled to its attorneys' fees incurred in the coverage action from Safway under Or. Rev. Stat. § 742.061. We agree. The Oregon Supreme Court has held that entities other than traditional insurance companies may be considered "insurers" under Oregon law if they elect to self-insure. *Haynes v. Tri-County Metro. Transp. Dist. of Or.*, 103 P.3d 101, 104 (Or. 2004); Or. Rev. Stat. § 731.106 (defining "insurer"). Here, to the extent of the self-insured retention, Safway acted as a self-insurer: it received, reviewed, and rejected tenders of defense from Continental and TCR. In other instances, Safway has accepted tenders and paid for the defense of third parties to the extent of its retained limits. In this way, Safway's conduct is indistinguishable from a traditional third-party insurance company. *See, e.g., Hillegass v. Landwehr*, 499 N.W.2d 652, 655 (Wis. 1993) (finding it "fundamentally unfair" to allow companies "to self-insure and thereby escape both the expense of premium payments and the possibility of being held liable as primary insurer"); *State Farm Mut. Auto. Ins. Co. v. Budget Rent-A-Car Sys., Inc.*, 359 N.W.2d 673, 676 (Minn. Ct. App. 1984) ("Budget made a risk management decision not to buy coverage for the first $100,000. To treat Budget as anything other than an insurer for the first

8

$100,000 would create a windfall for Budget."). We reverse and remand to the district court to determine the appropriate award under § 742.061.[2]

**3.** Continental and TCR filed separate appeals of the district court's post-judgment attorneys' fees order. Where, as here, a district court's award of attorneys' fees turns on a question of state law or of contract interpretation, this court reviews de novo. *FDIC v. Lugli*, 813 F.2d 1030, 1034 (9th Cir. 1987). TCR and Continental each contend that Safway is bound by the attorneys' fees provision of TCR's contract with PCI. We disagree. The PCI-Safway contract specifically limits the incorporation of the TCR-PCI contract to those terms and conditions "related directly or indirectly to the Work and the performance thereof." Continental and TCR's assertion that the attorneys' fees provision relates "indirectly" to the erection and dismantling of scaffolding would render this limiting language meaningless. *See Yogman v. Parrott*, 937 P.2d 1019, 1021 (Or. 1997) (en banc). Accordingly, we conclude that Continental and TCR are not contractually entitled to attorneys' fees. We affirm the district court's post-judgment attorneys' fees order.

---

[2] Our determination that Continental is not entitled to its attorneys' fees related to its coverage dispute with Safway as contract damages does not prevent the district court from considering on remand whether such fees are recoverable under § 742.061.

9

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**