Robert V. DURRSTEIN,
Plaintiff–Appellant,

v.

Richard P. ARTHUR, et al.,
Defendants–Appellees.

No. 01–3120.

United States Court of Appeals,
Sixth Circuit.

Jan. 28, 2002.

Before MERRITT, BOGGS, and MOORE, Circuit Judges.

### ORDER

Robert V. Durrstein, an Ohio resident proceeding pro se, appeals a district court judgment dismissing his civil rights complaint construed as filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Durrstein filed suit against numerous defendants, asserting that his wife had perjured herself at an undisclosed time and place and that the other defendants had "aided and abetted" her in doing so. The district court ordered Durrstein to file an amended complaint containing specific factual allegations or else face dismissal. Durrstein filed another complaint, generally asserting that the defendants had violated the Constitution and state law through their involvement in a domestic dispute Durrstein had with his wife.

Upon review of the defendants' dispositive motions, a magistrate judge issued several reports and recommended: 1) dismissing the City of Trotwood, Ohio, the Trotwood police department, the Dayton, Ohio police department, Montgomery County, its sheriff's office, its prosecuting attorney, the City of Beavercreek, Ohio, its police department, Attorney Richard Arthur, the State of Ohio, the Ohio Supreme Court, Artemis Center, Reverend Timothy Hume, the Gospel Temple of the Assemblies of God, the Ohio District Council of the Assemblies of God, and the General Council of the Assemblies of God under Fed.R.Civ.P. 12(b)(6) for failure to state a claim; and 2) Dr. Michelle Russell, Jeff and Marilyn Seymour, Cynthia Chaney Durrstein, Rebecca Jo Bean, Mark Anthony Bean, and Betty Chaney under Fed. R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Upon de novo review, the district court adopted the magistrate judge's reports and recommendations and dismissed all claims and defendants.

In his appellate brief, Durrstein requests this court to review "the entire matter including the addition of other parties," the "corrupt nature of the Bar of the State of Ohio including the Supreme Court of the State of Ohio," and the "corrupt behavior of the defendants and the federal court in Dayton, Ohio."

We first note that on appeal Durrstein fails to name or make any allegation against any defendant other than the Ohio Supreme Court and has thus abandoned all claims against other defendants. Issues raised in the district court, but not on appeal are considered abandoned and are not reviewable. *Kocsis v. Multi–Care Mgmt.*, 97 F.3d 876, 881 (6th Cir.1996); *Boyd v. Ford Motor Co.* 948 F.2d 283, 284 (6th Cir.1991). Thus, claims against the other defendants have not been reviewed.

Second, Durrstein's arguments on appeal may not be considered to the extent that he attempts to add new parties or new claims. Unless exceptional circumstances are present, this court normally will not address an issue not first raised in the district court. *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 261 (6th Cir.1996). No exceptional circumstances are present in this case.

Third, the court has no obligation to scour "the entire record" for possible meritorious issues or to determine what Durrstein means by the "corrupt nature" of the Ohio Supreme Court or the "corrupt behavior" of the defendants. Although pro se pleadings are to be liberally construed, courts are not required to conjure up unplead allegations or guess at the nature of an argument. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989).

To the extent that Durrstein does reassert his original argument against the Ohio Supreme Court, we conclude upon de novo review that the district court properly dismissed the defendant because Durrstein failed to state a claim against it. *See* Fed.R.Civ.P. 12(b)(6); *Wright v. MetroHealth Med. Ctr.,* 58 F.3d 1130, 1138 (6th Cir.1995). The few allegations against the Ohio Supreme Court in Durrstein's amended complaint are far too vague and conclusory to state a claim. *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.