**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 16a0284n.06

Case No. 15-5736

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>

PETER S. HARMER; CHRISTINE C.
HARMER,

    Plaintiffs-Appellants,

v.

WILBUR O. COLOM; COLOM LAW FIRM,
L.L.C., A MISSISSIPPI LIMITED
LIABILITY COMPANY,

    Defendants-Appellees.

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

**FILED**
May 27, 2016
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF
TENNESSEE


**OPINION**

</td></tr>
</table>

BEFORE: SUHRHEINRICH, McKEAGUE, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD**, **Circuit Judge**. Peter S. Harmer and his wife Christine ("the Harmers") appeal the district court's decision to grant a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, and its refusal to transfer the case to the United States District Court for the Northern District of Mississippi. We **AFFIRM**.

**I.**

On July 16, 2010 the Colom law firm ("Colom") in Columbus, Mississippi filed a lawsuit against Peter Harmer on Donald DePriest's ("DePriest") behalf in the United States District Court for the Northern District of Mississippi. DePriest asserted claims of defamation, tortious interference with business relationships, and intentional infliction of emotional distress.

- 1 -

The basis for the suit was that Peter Harmer provided publicly available documents from the Federal Communications Commission ("FCC") to Telesaurus Holdings, a competitor of Maritime Communications Land/Mobile, LLC ("Maritime"), a company affiliated with DePriest. The documents showed that DePriest tried to redeem a counterfeit bearer bond worth $25,000,000 while serving on the Tennessee Valley Authority's ("TVA") board.

Soon after, the FCC initiated a public investigation and then formal proceedings against Maritime relating to false statements made when it acquired a license in 2005. The investigation revealed that DePriest had personally guaranteed a $200,000 loan at a 25% annual interest rate; the loan was payable to Sextons, Inc ("Sextons") and due on November 14, 2011. Sextons then sued DePriest in the United States District Court for the Northern District of Mississippi and obtained a $445,771.21 judgment on August 27, 2012.

Before suing Harmer, Colom sent the following letter to Harmer's Franklin, Tennessee residence:

> Mr. ... DePriest demands that you retract the statements you made to Scott Baker, the Knoxville News Sentinel, the Nashville Tennessean, any courts of law, and all other organizations and individuals, and have copies of these retractions delivered to ... DePriest. Mr. ... DePriest also demands that you cease and desist from any further attempts to injure or interfere with his business or personal reputation. This is your opportunity to resolve the matter without legal expense and exposure to liability and damages. If you fail to respond to this demand, Mr. ... DePriest will commence legal proceedings against you.
>
> Very Truly Yours,
> The Colom Law Firm, LLC
>
> By: /s/_____
> Wilbur O. Colom

District Court Opinion, R. 76. Pg. Id# 764.

Harmer lacked the money to hire a lawyer and so defended himself pro se. On June 1, 2011, Colom called Harmer at his residence in Tennessee. During the recorded conversation, Colom stated that DePriest knew Harmer "can't unring any bell that's been rung" but that DePriest "doesn't want any more bells rung." *Id.* at Pg. Id# 765. Colom also said he would tell DePriest to get another lawyer to continue pressing the claims because DePriest was "not ever gonna collect any money from you" and "you're not ever gonna collect any money from him unless something fortunate happens." *Id.*

On June 15, 2011, the Mississippi district court sua sponte stayed the proceedings pending the conclusion of an FCC investigation. After Harmer filed a motion to lift the stay, Colom again called, offering to dismiss DePriest's lawsuit without prejudice. Harmer said he would consider the offer. Colom then sent the following email:

> I just had a discussion with Don [DePriest]. He will agree to dismissal with prejudice with the understand (sic) that neither you nor him (sic) will make any public statement about the dismissal and you will not disclose the dismissal to any third party who will then make a public statement. Of course, we can't prevent people from looking at public files but you will not call it to anyone's attention.

*Id.* at Pg. Id# 766.

Harmer rejected the offer. On September 6, 2012, Colom filed a motion to dismiss the suit on DePriest's behalf without prejudice. The Mississippi district court granted the motion.

Subsequently, the Harmers sued Colom in the United States District Court for the Middle District of Tennessee. In their complaint, they alleged (1) abuse of process, (2) intentional infliction of emotional distress, (3) fraud by duress, (4) loss of spousal consortium, and (5) malicious prosecution. The district court granted Colom's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). The court reasoned that a Tennessee court could not exercise personal jurisdiction over Colom consistent with due process.

- 3 -

The Harmers then filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59. At the end of their motion, the Harmers requested the court to transfer the case to the United States District Court for the Northern District of Mississippi. The district court denied the motion without explicitly addressing the request.

The Harmers now appeal.

## II.

The district court had jurisdiction under 28 U.S.C. § 1332. This Court has jurisdiction under 28 U.S.C. § 1291.

## III.

On appeal, the Harmers argue that the district court erroneously (1) held that it lacked personal jurisdiction over Colom, and (2) refused to transfer the case to the United States District Court for the Northern District of Mississippi.

### A.

In their briefs, the Harmers only discuss personal jurisdiction as it relates to abuse of process. We therefore deem any argument regarding personal jurisdiction as related to their claims for intentional infliction of emotional distress, fraud by duress, loss of spousal consortium, and malicious prosecution abandoned on appeal. *See e.g.*, *Durrstein v. Arthur*, 28 F. App'x 466, 467 (6th Cir. 2002); *Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876, 881 (6th Cir. 1996); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir. 1991).

The Harmers do argue that the district court had personal jurisdiction over Colom because Colom committed abuse of process when he had them personally served at their Tennessee residence. At various points, the Harmers cite non-binding authority in support of the proposition that abuse of process in Tennessee by an out-of-state party is enough to enable a

Tennessee court to exercise personal jurisdiction over that party. *See e.g., Vishay Intertechnology, Inc. v. Delta Int'l Corp.*, 696 F.2d 1062, 1067 (4th Cir. 1982); *Guest v. Provident Funding*, 2013 WL 1003524 (S.D. Ohio 2013); *Hamilton, Miller, Hudson, & Fayne Travel Corp. v. Hori*, 520 F. Supp. 67 (E.D. Mich. 1981). The district court did not address this line of cases because they were not raised below. Though they have been asserted on appeal, Colom has conspicuously refrained from addressing them.

We note that none of these cases applies Tennessee law. Yet, even if we were to find their reasoning persuasive, we would be constrained to affirm the district court's dismissal of the Harmers' complaint. This is because, irrespective of the Tennessee court's personal jurisdiction, it is clear that the Harmers failed to state a plausible claim for abuse of process under Tennessee law.

The district court did not reach Colom's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) because it did not need to. The motion was fully briefed below, however, and the record is adequately developed to enable us to assess the sufficiency of the pleadings in the first instance. We may therefore affirm the district court on these grounds even though the district court did not consider this part of Colom's motion to dismiss. *See City of Monroe Employees Retirement System v. Bridgestone Corp.*, 399 F.3d 651, 665 (6th Cir. 2005).

In order to state a plausible claim under Fed. R. Civ. P. 8, the Harmers must plead facts in their complaint that, if taken as true, would plausibly entitle them to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Merely asserting legal conclusions or reciting the required elements of a cause of action is insufficient. *Id.* In Tennessee, abuse of process consists of (1) the existence of an ulterior motive and (2) an act *in the use of process* other than what would ordinarily happen in prosecuting a lawsuit for the claims alleged. *Bell ex rel. Snyder v. Icard,*

*Merrill, Cullis, Timm, Furen, and Ginsburg, PA.*, 986 S.W.2d 550, 555 (Tenn. 1999) (emphasis added). The allegation of the mere initiation of a lawsuit for a malicious purpose does not in itself render the initial service of process "abusive;" there must be a subsequent improper act associated with the actual use of process to make out a valid abuse-of-process claim. *Id.* at 555–56.

Without sustained analysis, the Harmers argue that *Givens v. Mullikin*, 75 S.W.3d 383, 403 (Tenn. 2002), "narrowed" the teaching of *Bell* such that an additional subsequent improper act is no longer required. Appellant Br. 32 – 33. However, a Tennessee appeals court recently considered *Bell* in light of *Givens* and rejected this exact argument. *See Goetz v. Autin*, 2016 WL 537818 at *8–9 (Tenn. Ct. App., Feb. 10, 2016) (observing that "*Givens* clearly did not dispose of the requirement that the plaintiff allege some misuse of process after the initiation of the lawsuit."). Because in *Goetz*, the complaint failed to allege any improper use of process after the original issuance of process by the court, it lacked an essential element of an abuse-of-process claim under Tennessee law and was held not to have stated a valid claim. *Id.*

The same result obtains here. The sole fact alleged in support of the claim that Colom abused process is the allegation that he served Harmer "at an odd hour on a nonweekday, at Mr. Harmer's personal residence" in order to "magnify the *in terrorem* effect." Complaint, R.1. Pg. Id# 22.[1] Charitably construing the complaint yields an allegation that Colom improperly served Peter Harmer at home on the weekend because he had an ulterior motive said to be separate from the malicious purpose for the underlying litigation. Yet, personal service is Tennessee's *preferred* method for serving process. *See Hall v. Haynes*, 319 S.W.3d 564, 572 (Tenn. 2010).

---

[1]In an affidavit in support of their complaint, the Harmers asserted "[a]ll of the consequences for which the Complaint seeks relief, occurred after and for no reason other than the personal service of the process in Williamson County, Tennessee." Affidavit re: Response in Opposition to Motion to Dismiss. R. 14. Page Id# 197.

We simply cannot accept that by complying with Tennessee's stated preference here, Colom engaged in an improper act amounting to abuse of process. It follows that the Harmers did not state a valid abuse-of-process claim under Tennessee law and we therefore uphold the district court's order dismissing the claim, albeit on different grounds.

Even if the Harmers had not abandoned their other four claims on appeal, we would affirm the district court's personal jurisdiction ruling in regard to them. We review a district court's dismissal for lack of personal jurisdiction de novo. *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F. 3d 499, 504 (6th Cir. 2014).

When a federal court hears a case under diversity jurisdiction—as the district court did here—it uses the law of the state in which it sits to decide whether it has jurisdiction, so long as the state law is consistent with due process. *Kerry Steel Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 148-49 (6th Cir. 1997). Since the case was filed in the United States District Court for the Middle District of Tennessee, we therefore apply Tennessee law. Tennessee's long-arm statute goes to the due process clause's limit. *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 645 (Tenn. 2009). We therefore need only decide whether due process would allow a Tennessee court to exercise specific personal jurisdiction over Colom. *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1994).

Due process imposes three requirements for a court to properly exercise specific personal jurisdiction. *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). First, the defendant must purposefully avail himself of the privilege of acting in the forum state, or purposefully cause a consequence there. *Id.* Second, the cause of action must arise from the defendant's actions there. *Id.* Finally, the defendant's acts or consequences caused by those acts

must have a substantial enough connection with the forum state to make exercising personal jurisdiction reasonable. *Id.*

The abuse-of-process claim cannot serve as a predicate for exercise of personal jurisdiction over the Harmers' other four claims for reasons already stated. To the extent these claims arise from improper initiation of DePriest's lawsuit, personal jurisdiction is inconsistent with due process. Even if we construed the complaint as charitably as possible and read it to allege that Colom filed suit in Mississippi with the intent of causing negative consequences in Tennessee, the case for personal jurisdiction founders on the second requirement. The actions alleged to have harmed the Harmers in Tennessee arose from Colom's actions in Mississippi. Colom actually filed the suit in the United States District Court for the Northern District of Mississippi and presumably did all of the work for the litigation in his Columbus, Mississippi office. It would be illogical to then say that the actions giving rise to the improper litigation occurred in Tennessee. *See Allred v. Moore & Peterson*, 117 F.3d 278, 286 (5th Cir. 1997); *Wallace v. Herron*, 778 F.2d 391, 395 (7th Cir. 1985). Since the underlying lawsuit giving rise to the four other claims does not arise from Colom's actions in Tennessee, it follows that Colom's actions in preparing and initiating said suit lack a substantial enough connection with Tennessee to make it reasonable for a Tennessee court to exercise personal jurisdiction.

Accordingly, we uphold dismissal of the Harmers' complaint in its entirety.

### B.

In their motion to alter or amend judgment, the Harmers asked that their case be transferred to the United States District Court for the District of Northern Mississippi as an alternative form of relief if the court left its personal jurisdiction ruling in place. We review the

district court's decision to deny their motion for abuse of discretion. *Intera Corp. v. Henderson*, 428 F.3d 605, 619 (6th Cir. 2005).

A district court abuses its discretion when it (1) applies the wrong legal standard, (2) misapplies the correct legal standard, or (3) relies on clearly erroneous findings of fact. *Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002).

To grant a Fed. R. Civ. P. 59 motion , the movant must show (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) that leaving a ruling in place would cause a manifest injustice. *Intera Corp.* 428 F.3d at 620.

Although the district court did not explicitly address the Harmers' request to transfer, it did use the correct legal standard to decide the Fed. R. Civ. P. 59 motion. On appeal, the Harmers do not argue that the district court applied the wrong legal standard, misapplied the correct legal standard, or relied on clearly erroneous findings of fact. They do not even so much as cite the standard for abuse of discretion in their briefs. Their failure to make a reasoned argument explaining how denying their motion constituted an abuse of discretion leaves us with no choice but to affirm the district court. *See McPherson v. Kelsey*, 125 F.3d 989, 995 – 96 (6th Cir. 1997).

## IV.

Accordingly, we **AFFIRM** the district court's order of dismissal.